☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | **CIVIL ACTION SUMMONS (b)**<br>Form for Personal Service on a Natural Person | 2024-011574-CA-01 |

| PLAINTIFF(S)<br>HAMED WARDAK | VS.  DEFENDANT(S)<br>SARAH GOOLDEN | CLOCK IN |
|---|---|---|

**THE STATE OF FLORIDA:** TO EACH SHERIFF OF THE STATE, YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on defendant:

| To Defendant(s):<br>SARAH GOOLDEN | Address:<br>215 Thompson St, #125, New York, NY 10012 |
|---|---|

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the Clerk of the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below. The central location of the Clerk's office is at the Dade County Courthouse. The address for the courthouse, and branch locations are listed below for your convenience:

**"For those unable to pay for an attorney, information on how to seek free legal assistance can be found at www.dadecountyprobono.org."**

**MIAMI-DADE COUNTY COURT LOCATIONS**

| | | | |
|---|---|---|---|
| ☒ **Dade County Courthouse** (05)<br>Room 133<br>73 West Flagler Street<br>Miami, FL 33130 | ☐ **Joseph Caleb Center Court** (20)<br>Suite 103<br>5400 N.W. 22nd Avenue<br>Miami, FL 33142 | ☐ **Hialeah District Court** (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, FL 33010 | ☐ **North Dade Justice Center** (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, FL 33160 |
| ☐ **Miami Beach District Court** (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, FL 33139 | ☐ **Coral Gables District Court** (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, FL 33134 | ☐ **South Dade Justice Center** (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, FL 33189 | **SERVICE** |

| Plaintiff/Plaintiff Attorney<br>Benjamin Brodsky<br>Florida Bar No.  73748 | Address:  Brodsky Fotiu-Wojtowicz, PLLC<br>200 SE 1st Street, Suite 400,<br>Miami, FL 33131 | |
|---|---|---|
| **JUAN FERNANDEZ-BARQUIN**<br>**CLERK OF THE COURT AND COMPTROLLER**<br>**MIAMI-DADE COUNTY**<br>**CIRCUIT AND COUNTY COURTS** | | DATE ON: |
| | DEPUTY CLERK | |

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174; Email ADA@jud11.flcourts.org; Fax (305) 349-7355 at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

☐ EN LA CORTE DE CIRCUITO DEL UNDECIMO CIRCUITO JUDICIAL EN Y PARA EL CONDADO DE MIAMI-DADE, LA FLORIDA.

☐ EN EL TRIBUNAL DEL CONDADO EN Y PARA EL CONDADO MIAMI-DADE, LA FLORIDA.

| DIVISION<br>☐ CIVIL<br>☐ DISTRITO<br>☐ OTRA | EMPLAZAMIENTO DE ACCION CIVIL<br>(b) NOTIFICACION PERSONAL A PERSONA NATURAL | NUMERO DE CASO |
|---|---|---|
| DEMANDANTE(S) | VS.   DEMANDADO(S) | HORA |

EL ESTADO DE LA FLORIDA: A cada alguacil del Estado: Se le ordena que hagen entrega de esta notificación y una copia de la demanda en este pleito al demandado(s) mencionada arriba.

| A Demandado(s): | A Demandado(s): |
|---|---|

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal (Legal Aid Office) o un servicio de referencia de abogados (Attorney Referral Service) que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar en la mano una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante) y presentar su contestación a la demanda al Secretario del Juzgado. La ubicación central de la Oficina del Secretario está en el edificio de la Corte del Condado de Dade. La dirección de la Corte, y de las sucursales aparecen en la lista siguiente para su conveniencia:

"Para aquellas personas que no puedan pagar un abogado, la información sobre como solicitar asistencia legal gratuita se puede encontrar en www.dadecountyprobono.org."

#### LOCALIDAD DE LOS TRIBUNALES DEL CONDADO DE MIAMI-DADE

| ☐ **Dade County Courthouse** (05)<br>Room 133<br>73 West Flagler Street<br>Miami, FL 33130 | ☐ **Joseph Caleb Center Court** (20)<br>Suite 103<br>5400 N.W. 22nd Avenue<br>Miami, FL 33142 | ☐ **Hialeah District Court** (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, FL 33010 | ☐ **North Dade Justice Center** (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, FL 33160 |
|---|---|---|---|
| ☐ **Miami Beach District Court** (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, FL 33139 | ☐ **Coral Gables District Court** (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, FL 33134 | ☐ **South Dade Justice Center** (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, FL 33189 | **SERVICIO** |

| Demandante o Abogado del Demandante:<br><br>Número del Colegio de Abogados: | Dirección: | |
|---|---|---|
| **JUAN FERNANDEZ-BARQUIN**<br>**Secretario del Tribunal y Contralor** | <br><br>COMO SECRETARIO ADJUNTO | **FECHA** |

## LEY PARA ESTADOUNIDENSES CON INCAPACIDADES

**"Si usted es una persona minusválida que necesita hacer arreglos para poder participar en este proceso, usted tiene derecho, sin gasto alguno, a que se le provea cierta ayuda. Por favor póngase en contacto con Aliean Simpkins, el Coordinador de ADA en el Onceavo Distrito Judicial ubicado en el Lawson E. Thomas Courthouse Center, 175 NW 1st Ave, Sala 2400, Miami FL 33128, Teléfonos (305)349-7175; TDD (305) 349-7174, Correo electrónico ADA@jud11.flcourts.org or Fax (305) 349-7355 por lo menos siete (7) días antes de la cita fijada para su comparecencia en los tribunales; o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de siete (7) días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

☐ AU TRIBUNAL DU ONZIEME ARRONDISSEMENT JUDICIARE DANS ET POUR MIAMI-DADE, FLORIDE.

☐ AU TRIBUNAL DE JUGEMENT ET POUR LE DEPARTENT DE MIAMI-DADE, FLORIDE.

| DIVIZYON<br>☐ CIVILE<br>☐ DISTRICT<br>☐ AUTRE | CONVOCARION D' ACTION CIVILE<br>(b) LIVRAI ON PERSONNELLE A UNE PERSONNE | NUMERO DE CASO |
|---|---|---|
| **PLAINTE (S)** | VS.   CONTRE ACCUSE(S) | **HEURE IN** |

**L'TAT DE LA FLORIDE:** A chaque sherif de l'etat vous etes oblige de presenter cette citation et une photocpie de la plainte de ce document sur l'accuse (e) ci-desus.

| A (AUX) ACCUSE(S): | A (AUX) ACCUSE(S): |
|---|---|

**IMPORTANT**

Des poursuites judiciaires ont ete enterprises contre vous. Vous avez 20 jours consecutifs a partir a de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simole coup de telephone est insoffisant pour vous proteger. Vous etes obliges de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas aotre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintif/Plaintif's Attorney" (Plaignant ou a son avocat) nomme ci-dessous et enregistrer votre reponse avec le Greffier du Tribunal. L'adresse centrale du bureau du Greffier est le Dade County Courthouse. L'adresse du tribunal,et l'adresse des succursales sont dans ci-dessous pour votre convenance

**"Pour ceux qui ne peuvent payer un avocat, des informations sur la façon de demander de l'aide juridique gratuite peut être trouvé à www.dadecountyprobono.org"**

**ADRESSES DES TRIBUNAUX EN MIAMI-DADE**

☐ **Dade County Courthouse** (05)
Room 133
73 West Flagler Street
Miami, FL 33130

☐ **Joseph Caleb Center Court** (20)
Suite 103
5400 N.W. 22nd Avenue
Miami, FL 33142

☐ **Hialeah District Court** (21)
Room 100
11 East 6th Street
Hialeah, FL 33010

☐ **North Dade Justice Center** (23)
Room 100
15555 Biscayne Blvd.
North Miami Beach, FL 33160

☐ **Miami Beach District Court** (24)
Room 200
1130 Washington Avenue
Miami Beach, FL 33139

☐ **Coral Gables District Court** (25)
Room 100
3100 Ponce De Leon Blvd.
Coral Gables, FL 33134

☐ **South Dade Justice Center** (26)
Room 1200
10710 SW 211 Street
Miami, FL 33189

**UN SERVICE**

| Plainte/Avocat du Plainte<br><br>Numero de barreau de la Floride: | Adresse : | |
|---|---|---|
| **JUAN FERNANDEZ-BARQUIN**<br>**Greffier du Tribunal**<br>et Contrôleur | COMME GREFFIER ADJOINT | DATE: |

# ACT DE 1990 POUR AMERICAINS HANDICAPES
## AVIS DE l' ADA

**" Si vous êtes une personne handicapée qui a besoin d'accommodement pour pouvoir participer à cette procédure, vous avez le droit, sans aucun coût, d'avoir de l'aide à votre disposition. S'il vous plaît contacter Aliean Simpkins, le Coordinateur de l'ADA du Tribunal de l'Onzième Circuit Judiciaire, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave. Suite 2400, Miami, FL. 33128, Téléphone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org or Fax (305) 349-7355 au moins sept (7) jours avant la date de comparution au tribunal, oubien immédiatement après avoir reçu cet avis si la date avant la comparution est moins de sept (7) jours; si vous avez une incapacité pour entendre ou parler, appelez le 711."**

| ☐ NAN TRIBINAL ITINERAN NAN ONZYÈM AWONDISMAN JIDISYÈ NAN E POU KONTE MIAMI-DADE, FLORIDA | | |
|---|---|---|
| ☐ NAN TRIBINAL E POU TRIBINAL NAN MIAMI-DADE COUNTY, FLORIDA | | |

| DIVIZYON<br>☐ SIVIL<br>☐ DISTRI<br>☐ LÒT | KONVOKASYON POU KA SIVIL<br>(b) DELIVRE PERSONELMAN BAY YON MOUN | NIMEWO KA |
|---|---|---|
| **PLENTIF (S)** | **VS.   KONT AKIZE(S)** | **LE** |
| | | |

**ETA FLORIDA:** Pou Chak nan eta a yo odone ou pou bay akize a (yo), non I ekri anwo a, manda sa a ak yon kopi yo pote nan pwose sa a.:

| AKIZE: | ADRES:: |
|---|---|

### ENPOTAN

Yo entre yon aksyon kont oumenm. Ou genyen 20 jou kalandriye apres ou recevoi somasyon-an pou enregistre devan grefie tribunal-sa, yon reponce pa ecri attache avec plent-la. Yon apel pa telefon ka kapab protege-ou. Se yon repense pa ecri,fo ou m ete numero ka-a ki sou tet pagela avec nom moune-yo ki sou papie-sa oblige ecri si ou vle ke tribunal-la tende position-ou cou ka-a. Si ou pa enregistre reponce-ou a l'heure ou capab pedu ka-a san tribunal la pa anounce-ou en yen, ou capab pedu l'agen ou ak byen ou. Genyen lot demande. Ou ka besoin telefone yon avoka tout de suit. Si ou pa lonen yon avoka, ou ka rele sevis ki rekomande avoka, ou biro ede legal (ki nan lis liv telefone).

Si ou shoisi voye yon reponce pa ecri oumenm, ou supose en mem tan poste en mem tan poste en pote on copi response pa ecri pou avoka pleyan ou pleyan-yo ke non-li ama-a et enregistre reponce-la nan tribunal-la ki localize nan avek Sekrete Tribinal. Adres santral biwo Sekrete a se Dade County Courthouse. Adres tribinal la, ak adres lot tribinal yo nan lis ki anba a pou ou ka jwenn yo alez:

**"Pou moun ki pa an mezi peye pou pran yon avoka, yo kapab jwenn enfòmasyon sou kijan pou yo chèche jwenn assistans legal gratis nan www.dadecountyprobono.org."**

### ADRESSES DES TRIBUNAUX EN MIAMI-DADE

☐ **Dade County Courthouse** (05)
Room 133
73 West Flagler Street
Miami, FL 33130

☐ **Joseph Caleb Center Court** (20)
Suite 103
5400 N.W. 22nd Avenue
Miami, FL 33142

☐ **Hialeah District Court** (21)
Room 100
11 East 6th Street
Hialeah, FL 33010

☐ **North Dade Justice Center** (23)
Room 100
15555 Biscayne Blvd.
North Miami Beach, FL 33160

☐ **Miami Beach District Court** (24)
Room 200
1130 Washington Avenue
Miami Beach, FL 33139

☐ **Coral Gables District Court** (25)
Room 100
3100 Ponce De Leon Blvd.
Coral Gables, FL 33134

☐ **South Dade Justice Center** (26)
Room 1200
10710 SW 211 Street
Miami, FL 33189

UN SERVICE

| Plainte/Avocat du Plainte | Nimewo manm avoka a. |
|---|---|
| Numero de barreau de la Floride: | Address: |

| **JUAN FERNANDEZ-BARQUIN**<br>**Grefye Tribinal la ak Kontwolè** | | DATE: |
|---|---|---|
| | SEKRETE | |

## LWA 1990 POU AMERIKEN KI ENFIM
## ANONS POU AMERIKEN KI ENFIM

**"Si ou se yon moun ki enfim e ou bezwen akomodasyon pou ou patisipe nan pwosedi sa a, ou gen dwa pou yo ba ou kèk èd san ou pa gen pou ou peye. Silvouplè kontakte Kowòdinatè Alican Simpkins, ADA pou Tribinal Onzyèm Distrik Jidisyè a nan: Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, Fl 33128, Telefòn (305) 349-7175; TDD (305) 349-7174, Imèl ADA@jud11.flcourts.org; or Fax (305) 349-7355 omwen sèt (7) jou anvan ou gen randevou pou ou parèt nan tribunal la, oubyen imedyatman lè ou resevwa notifikasyon sa a si ou gen mwens ke sèt (7) jou pou ou parèt nan tribunal la; si ou gen difikilte pou ou tande oubyen pale, rele 711."**

Filing # 201112106 E-Filed 06/21/2024 04:45:58 PM

Case
Wardak v Goolden

Exhibit
2

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.:

HAMED WARDAK,

     Plaintiff,

v.

SARAH GOOLDEN,

     Defendant.

_____/

## **COMPLAINT**

Plaintiff Hamed Wardak ("Plaintiff") sues Defendant Sarah Goolden ("Defendant") and alleges:

### **JURISDICTION, PARTIES, AND VENUE**

1.     This is a civil cause of action under Fla. Stat. § 934.10, which provides a remedy for unlawful interception of wire, oral, or electronic communications in violation of Fla. Stat. § 934.03.

2.     The Court has subject matter jurisdiction over this matter as it is an action for damages that exceed $50,000.00, exclusive of interest, costs, and attorneys' fees.

3.     The Court has personal jurisdiction over Defendant pursuant to Fla. Stat. § 48.193.

4.     Venue is proper in this Court pursuant to Fla. Stat. § 47.011, because the actions and events upon which this action is based occurred in Miami-Dade County, Florida and the claims arose in Miami-Dade County, Florida.

5.     All conditions precedent to the filing of this action have occurred, have been fulfilled or have been waived.



6.      Plaintiff has retained the undersigned attorneys to represent him in this action and is obligated to pay his attorneys a reasonable fee for their services in this matter.

## GENERAL ALLEGATIONS

7.      Plaintiff and Defendant were involved in a personal relationship in 2018.

8.      In July 2018, Defendant travelled for a weekend visit to Plaintiff's home in Miami-Dade County, Florida.

9.      On the morning of July 8, 2018, while in Plaintiff's bedroom in his home, using her mobile device, Defendant surreptitiously made an audio-visual recording of a discussion between Plaintiff and Defendant regarding their relationship and other issues of a personal nature.

10.     Defendant did not advise Plaintiff that she was making an audio-visual recording of their discussion, nor did she obtain consent from Plaintiff to make this recording.

11.     Plaintiff had a reasonable expectation of privacy with respect to his discussion with Defendant in the bedroom of his home.

12.     Defendant made the recording for the improper purpose of attempting to create "blackmail" to use against Plaintiff in the future.

13.     In fact, in July 2019, Defendant instituted a frivolous and bad faith suit against Plaintiff for an alleged sexual assault that she claimed occurred the day before the illegal recording was made.  Because the illegal recording affirmatively disproves Defendant's false allegations against Plaintiff, she did not produce it in the litigation until the very end of June 2022, three years after she filed suit.  This was the first time Plaintiff discovered that he had been illegally recorded in the bedroom of his home.

14.     Plaintiff believes that Defendant may have surreptitiously and illegally recorded him in other instances.



**COUNT I**
**Violation of Fla. Stat. § 934.03**

15.     Plaintiff incorporates the allegations in paragraphs 1 through 14 above, as if fully set forth herein.

16.     In violation of Fla. Stat. § 934.03, on the morning of July 8, 2018, Defendant surreptitiously recorded Plaintiff's oral communications without his knowledge and consent.

17.     Plaintiff had a reasonable expectation of privacy with respect to the surreptitiously recorded discussion with Defendant in the bedroom of his home.

18.     Plaintiff did not learn of Defendant's surreptitious and illegal recording until July 2022.

19.     Defendant's unlawful conduct has caused Plaintiff damages.

WHEREFORE, Plaintiff requests that judgment be entered against Defendant, awarding relief as follows:

a.     Preliminary or equitable or declaratory relief as may be appropriate;

b.   Actual damages, but not less than liquidated damages computed at the rate of $100.00 a day for each day of violation or $1,000.00, whichever is higher;

c.   Punitive damages in an amount to be determined by the factfinder at trial; and

d.   Reasonable attorneys' fees and other litigation costs reasonably incurred.

Dated:  June 21, 2024.



Respectfully submitted,

By: /s/   *Benjamin H. Brodsky*
Benjamin H. Brodsky, Esq., FBN 73748
Brodsky Fotiu-Wojtowicz, PLLC
*Counsel for Plaintiff*
200 SE 1st Street, Suite 400
Miami, Florida 33131
Tel:  305-503-5054
Fax: 786-749-7644
bbrodsky@bfwlegal.com
docketing@bfwlegal.com

**BFW**
BRODSKY FOTIU-WOJTOWICZ

Case
Wardak v Goolden

**Exhibit**
**3**

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

HAMED WARDAK,

     Plaintiff,

vs.

SARAH GOOLDEN,

     Defendant.

_____/

CASE NO.: 2024-011574-CA-01

DIVISION: Civil

## WAIVER OF SERVICE OF PROCESS

To: Benjamin H. Brodsky, Esq.,

     I, **ROBERT GARSON** as counsel to Sarah Goolden have received your request to waive service of process in this action. I have also received a copy of the complaint, two copies of this waiver form, and a by which I can return the signed waiver to you without cost to me.

     I, or the entity I represent, agree to save the cost of service of process and an additional copy of the complaint in this lawsuit by not requiring that I or the entity on whose behalf I am acting be served with judicial process in the manner provided by Fla. R. Civ. P. 1.070.

     I understand that I, or the entity I represent, will retain all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

     I also understand that a default judgment may be entered against me or the entity I represent if a written response is not served upon you within sixty (60) days from October 9, 2024, the date when this request was sent.

| | |
|---|---|
| Date: October 9, 2024 <br><br> Sarah Goolden <br> *Printed name of party waiving service of summons* | _____ <br> *Signature of the attorney or unrepresented party* <br><br> Robert Garson, esq. <br> *Printed Name* |

1

|  | *Address*<br>20803 Biscayne Blvd., Ste 405<br>Aventura, FL, 33180<br><br>rg@gs2law.com<br>*E-mail Address*<br><br>*305-780-5212*<br>*Telephone Number* |
|---|---|

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.:

HAMED WARDAK,

     Plaintiff,

v.

SARAH GOOLDEN,

     Defendant.

_____/

**COMPLAINT**

The Plaintiff, Hamed Wardak ("Mr. Wardak"), by and through the undersigned

counsel, sues Defendant, Sarah Goolden ("Ms. Goolden"), and alleges:

**Parties, Jurisdiction and Venue**

1.     This is an action for damages that far exceed $15,000.00, exclusive of

interest, attorneys' fees and costs.

2.     At all material times Mr. Wardak was a resident of Puerto Rico and is

otherwise sui juris.

3.     At all times material hereto Ms. Goolden was a resident of New York City,

New York, and is otherwise sui juris.

4.     Unless stated otherwise, all claims are based on facts and circumstances

that either occurred or existed in Miami-Dade County, Florida.

5.     This Court has jurisdiction over the claims herein because the acts

complained of took place in this County.

6.     All conditions precedent to maintaining this action, if any, have been

performed, waived, or excused.

## Facts Forming Basis of Claims

7.     Mr. Wardak is a wealthy businessman, known in the community for his lucrative businesses.

8.     Mr. Wardak and Ms. Goolden met in 2010.  Ms. Goolden knew at the time of their meeting and throughout the parties' entire relationship that Mr. Wardak had considerable assets and wealth.

9.     Ms. Goolden and Mr. Wardak developed what Mr. Wardak believed to be a strong, romantic friendship where the parties dated on and off for over nine years.

10.     At some point, the romantic friendship blossomed into more.  Ms. Goolden represented to Mr. Wardak that she had broken off all ties to her ex and all other men she had previously been involved with, deleted all pictures of her exes from her social media accounts, and claimed that she wanted a monogamous relationship with Mr. Wardak.

11.     Ms. Goolden told Mr. Wardak that she loved him and wanted to be his wife.

12.     Based on these representations, Mr. Wardak paid for her living expenses, wired her money to pay off her outstanding debts, purchased gifts and clothing for Ms. Goolden, paid for Ms. Goolden to go on elaborate trips, and bought a $200,000.00 engagement ring picked out by her best friend.

13.     It was Ms. Goolden who pressured Mr. Wardak to propose under threat of her leaving him.  The parties got engaged to be married on July 6, 2018, at the Fontainbleau Miami Beach hotel.

14.     In fact, Ms. Goolden was intentionally deceiving Mr. Wardak.  She had no intention of ever marrying him, she did not love him, and she was secretly still involved with other men.

15.    Ms. Goolden told Mr. Wardak that she loved him and wanted to marry him for the sole purpose of defrauding him.

16.    In addition to presents, Mr. Wardak initiated multiple wire transfers based on Ms. Goolden's fraudulent misrepresentations.

17.    Shortly after the engagement, Ms. Goolden claimed she was going to visit her parents to talk about her engagement.  Instead, she went to Ibiza, Spain, a renowned party city, where she engaged in a party lifestyle.

18.    To this day, Ms. Goolden needs to seek professional help for her party lifestyle, including substance abuse intervention.

19.    After her trip, Ms. Goolden suddenly disappeared, and the parties have not seen each other since she then.

20.    Inexplicably, without cause or explanation, Ms. Goolden has engaged in a smear campaign against Mr. Wardak, making outrageous claims to their mutual friends, family members, and acquaintances.

21.    Some of the defamatory statements include describing Mr. Wardak as an "arms dealer," a "stalker," denying the engagement, and describing him as "evil" when she knows these statements to be false.

22.    After an extended period of no contact and the manifested lack of intent to marry him, Mr. Wardak sent Ms. Goolden an email asking for the return of the $200,000.00 engagement ring and his money.

23.    The following day, in an evident attempt to cover up her fraud, Ms. Goolden knowingly filed a false police report against Mr. Wardak and initiated a case in New York (the "New York Case") to procure a restraining order.

24.     Within the New York Case, Ms. Goolden made horrendous public allegations regarding Mr. Wardak's family, as well as atrocious allegations against Mr. Wardak she knew to be untrue.

25.     Ms. Goolden's brother confided to Mr. Wardak that Ms. Goolden had actually targeted Mr. Wardak, and had designs to implement her fraudulent scheme from the very beginning of the relationship.

26.     Furthermore, Ms. Goolden has demonstrated an utter lack of remorse for all of her actions.

<u>COUNT I</u>
**Fraudulent Misrepresentation**

27.     The Plaintiff repeats and re-alleges the allegations set forth in paragraphs 7 through 25, above, as if fully set forth herein.

28.     Ms. Goolden made misrepresentations concerning material facts such as 1) her feelings about Mr. Wardak; 2) her intention to marry Mr. Wardak; and (3) that she had cut off her relationship with her ex to be with Mr. Wardak monogamously.

29.     Ms. Goolden knew that her misrepresentations were false. Specifically, she knew that she did not love Mr. Wardak, did not end her prior relationship, and never intended to marry Mr. Wardak, but rather, she was operating a scam solely designed to deceive Mr. Wardak to get him to pay off her debts, buy her gifts, and maintain a high lifestyle.

30.     Ms. Goolden made her misrepresentations to induce Wardak to wire money, buy her gifts, pay for her living expenses, accommodate elaborate trips, sustain a particular lifestyle, and insisting he purchase her a $200,000 engagement ring without

having any of the feelings she claimed to have or any intent to ever marry Mr. Wardak or maintain a monogamous relationship with him.

31.     Mr. Wardak has suffered significant financial injury due to his reliance on the representations by Ms. Goolden.

WHEREFORE, the Plaintiff, Hamed Wardak, demands judgment for damages against Defendant, Sarah Goolden, in the amount of $1,000,000.00, exclusive of interest and costs. The Plaintiff further demands prejudgment interest, costs and any other relief that this Court may deem just and equitable.

## COUNT II
### Defamation

32.     The Plaintiff repeats and re-alleges the allegations set forth in paragraphs 7 through 25, above, as if fully set forth herein.

33.      Ms. Goolden made the false defamatory statements describing Mr. Wardak as an "arms dealer," a "stalker," denying the engagement, and describing him as "evil" with the knowledge that these statements were false.

34.     As a result of these defamatory statements, Mr. Wardak has suffered actual damages.

WHEREFORE, the Plaintiff, Hamed Wardak, demands judgment for damages against Defendant, Sarah Goolden, exclusive of interest and costs, to compensate him for humiliation and injury to his reputation. The Plaintiff further demands prejudgment interest, costs and any other relief that this Court may deem just and equitable.

## COUNT III

### Malicious Prosecution

35.     The Plaintiff repeats and re-alleges the allegations set forth in paragraphs 7 through 25, above, as if fully set forth herein.

36.     The acts of Ms. Goolden, including knowingly filing a false a police report and initiating the New York Case seeking a restraining order, caused an original court proceeding alleging that Mr. Wardak blackmailed, threatened, and harassed her.

37.     These deliberately false allegations were the legal cause of the New York Case against Mr. Wardak.

38.     There was a complete lack of truth to any of Ms. Goolden's allegations, and these statements were malicious and caused grievous damages to Mr. Wardak.

39.     As a legal and proximate result of the acts of Ms. Goolden, Mr. Wardak experienced and continues to experience extreme emotional stress resulting in bodily harm, physical and mental pain and suffering, humiliation, mental anguish, loss of mental and physical health, damage to his reputation, and loss of capacity for the enjoyment of life both in the past and into the future.

WHEREFORE, the Plaintiff, Hamed Wardak, demands judgment for damages against Defendant, Sarah Goolden, exclusive of interest and costs, for his suffered harm, mental and emotional injuries and damage to his reputation. The Plaintiff further demands prejudgment interest, costs and any other relief that this Court may deem just and equitable.

## COUNT IV

### Abuse of Process

40.     The Plaintiff repeats and re-alleges the allegations set forth in paragraphs 7 through 25, above, as if fully set forth herein.

41.     Ms. Goolden's false police report was improper, illegal, and a perverted use of process.

42.     Ms. Goolden had ulterior motives or purposes in knowingly providing this false information, specifically that she was attempting to create a false paper trail to cover up her own fraudulent enterprise.

43.     Ms. Goolden acted intentionally or with wanton, reckless and conscious disregard of the truth and Mr. Wardak's reputation.

44.     The acts of Ms. Goolden proximately caused Mr. Wardak to suffer extreme emotional stress resulting in bodily harm, physical and mental pain and suffering, humiliation, mental anguish, loss of mental and physical health, damage to his reputation, and loss of capacity for the enjoyment of life both in the past and into the future.

WHEREFORE, the Plaintiff, Hamed Wardak, demands judgment for damages against Defendant, Sarah Goolden, exclusive of interest and costs, for his suffered harm, mental and emotional injuries, and damage to his reputation. The Plaintiff further demands prejudgment interest, costs and any other relief that this Court may deem just and equitable.

### Demand for Jury Trial

The Plaintiff requests trial by jury of all matters so triable.

On this 23rd day of January, 2019.

Respectfully Submitted,
KOPELOWITZ OSTROW
FERGUSON WEISELBERG GILBERT
Attorneys for Plaintiffs
One West Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300

By: /s/ Alexis Fields
DAVID L. FERGUSON, ESQ.
Florida Bar No.: 918737
ferguson@kolawyers.com
ALEXIS FIELDS, ESQ.
Florida Bar No.: 95953
fields@kolawyers.com

Filing # 201112106 E-Filed 06/21/2024 04:45:58 PM

**Case**
**Wardak v Goolden**

☑ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | | CASE NUMBER |
| --- | --- | --- |
| ☑ CIVIL ☐ DISTRICTS ☐ FAMILY ☐ OTHER | **CIVIL COVER SHEET** | **Exhibit 5** |

| PLAINTIFF | VS. DEFENDANT | CLOCK IN |
| --- | --- | --- |
| HAMED WARDAK | SARAH GOOLDEN | |

The civil cover sheet and the information contained here does not replace the filing and service of pleadings or other papers as required by law. This form is required by the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. See instructions and definitions on reverse of this form.

**TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

☐ 001 - Eminent Domain
☐ 003 - Contracts and Indebtedness
☐ 010 - Auto Negligence
☐ 022 - Products Liability
☐ 023 - Condominium
☐ **Negligence - Other**
  ☐ 097 - Business Governance
  ☐ 098 - Business Torts
  ☐ 099 - Environmental/Toxin Tort
  ☐ 100 - Third Party Indemnification
  ☐ 101 - Construction Defect
  ☐ 102 - Mass Tort
  ☐ 103 - Negligent Security
  ☐ 104 - Nursing Home Negligence
  ☐ 105 - Premises Liability - Commercial
  ☐ 106 - Premises Liability - Residential
  ☐ 107 - Negligence - Other
☐ **Real Property/Mortgage Foreclosure**
  ☐ 108 - Commercial Foreclosure $0 - $50,000
  ☐ 109 - Commercial Foreclosure $50,001 - $249,999
  ☐ 110 - Commercial Foreclosure $250,000 - or more
  ☐ 111 - Homestead Residential Foreclosure $0 - $50,000
  ☐ 112 - Homestead Residential Foreclosure $50,001 - $249,999
  ☐ 113 - Homestead Residential Foreclosure $250,000 or more
  ☐ 114 - Non-Homestead Residential Foreclosure $0 - $50,000
  ☐ 115 - Non-Homestead Residential Foreclosure $50,001 - $249,999
  ☐ 116 - Non-Homestead Residential Foreclosure $250,000 or more
  ☐ 117 - Other Real Property Actions $0 - $50,000
  ☐ 118 - Other Real Property Actions $50,001 - $249,999

☐ 119 - Other Real Property Actions $250,000 or more
☐ **Professional Malpractice**
  ☐ 094 - Malpractice - Business
  ☐ 095 - Malpractice - Medical
  ☐ 096 - Malpractice - Other professional
☐ **Other**
  ☐ 120 - Antitrust/Trade Regulation
  ☐ 121 - Business Transactions
  ☐ 122 - Constitutional Challenge - Statute or Ordinance
  ☐ 123 - Constitutional Challenge - Proposed amendment
  ☐ 124 - Corporate Trust
  ☐ 125 - Discrimination - Employment or Other
  ☐ 126 - Insurance Claims
  ☐ 127 - Intellectual Property
  ☐ 128 - Libel/Slander
  ☐ 129 - Shareholder Derivative Action
  ☐ 130 - Securities Litigation
  ☐ 131 - Trade Secrets
  ☐ 132 - Trust Litigation
☑ 133 - **Other Civil Complaint**
  ☐ 009 - Bond Estreature
  ☐ 014 - Replevin
  ☐ 024 - Witness Protection
  ☑ 080 - Declaratory Judgment
  ☑ 081 - Injunctive Relief
  ☐ 082 - Equitable Relief
  ☐ 083 - Construction Lien
  ☐ 084 - Petition for Adversary Preliminary Hearing
  ☐ 085 - Civil Forfeiture
  ☐ 086 - Voluntary Binding Arbitration
  ☐ 087 - Personal Injury Protection (PIP)

Clerk's web address: www.miami-dadeclerk.com

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ◼

REMEDIES SOUGHT (check all that apply):

☒    monetary;

☒    non-monetary declaratory or injunctive relief;

☐    punitive

NUMBER OF CAUSES OF ACTION: [ 1 ]

(specify) Violation of Fla. Stat. § 934.03

_____

IS THIS CASE A CLASS ACTION LAWSUIT?

☐  Yes

◼  No

HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?

◼  No

☐  Yes    If "Yes", list all related cases by name, case number, and court.

_____

_____

_____

IS JURY TRIAL DEMANDED IN COMPLAINT?

☐  Yes

◼  No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature  /s/ Benjamin Brodsky _____    Florida Bar # 73748 _____
              Attorney or party                                          (Bar # if attorney)

Benjamin Brodsky _____          6/21/2024 _____
(type or print name)                                        Date

Case
Wardak v Goolden

Exhibit
6

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. |
| --- |
| ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. |

| DIVISION | CIVIL ACTION SUMMONS (b) | CASE NUMBER |
| --- | --- | --- |
| ☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | **Form for Personal Service on a Natural Person** | 2024-011574-CA-01 |

| PLAINTIFF(S)<br>HAMED WARDAK | VS.  DEFENDANT(S)<br>SARAH GOOLDEN | CLOCK IN |
| --- | --- | --- |

| THE STATE OF FLORIDA: TO EACH SHERIFF OF THE STATE, YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on defendant: |
| --- |

| To Defendant(s):<br>SARAH GOOLDEN | Address:<br>215 Thompson St, #125, New York, NY 10012 |
| --- | --- |

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the Clerk of the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below. The central location of the Clerk's office is at the Dade County Courthouse. The address for the courthouse, and branch locations are listed below for your convenience:

**"For those unable to pay for an attorney, information on how to seek free legal assistance can be found at www.dadecountyprobono.org."**

**MIAMI-DADE COUNTY COURT LOCATIONS**

| ☒ **Dade County Courthouse** (05)<br>Room 133<br>73 West Flagler Street<br>Miami, FL 33130 | ☐ **Joseph Caleb Center Court** (20)<br>Suite 103<br>5400 N.W. 22nd Avenue<br>Miami, FL 33142 | ☐ **Hialeah District Court** (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, FL 33010 | ☐ **North Dade Justice Center** (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, FL 33160 |
| --- | --- | --- | --- |
| ☐ **Miami Beach District Court** (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, FL 33139 | ☐ **Coral Gables District Court** (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, FL 33134 | ☐ **South Dade Justice Center** (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, FL 33189 | **SERVICE** |

| Plaintiff/Plaintiff Attorney<br>Benjamin Brodsky<br>Florida Bar No. 73748 | Address:  Brodsky Fotiu-Wojtowicz, PLLC<br>200 SE 1st Street, Suite 400,<br>Miami, FL 33131 | |
| --- | --- | --- |
| **JUAN FERNANDEZ-BARQUIN**<br>CLERK OF THE COURT AND COMPTROLLER<br>**MIAMI-DADE COUNTY**<br>**CIRCUIT AND COUNTY COURTS** | 38084<br>DEPUTY CLERK | DATE ON:<br><br>6/26/2024 |

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174; Email ADA@jud11.flcourts.org; Fax (305) 349-7355 at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

☐ EN LA CORTE DE CIRCUITO DEL UNDECIMO CIRCUITO JUDICIAL EN Y PARA EL CONDADO DE MIAMI-DADE, LA FLORIDA.

☐ EN EL TRIBUNAL DEL CONDADO EN Y PARA EL CONDADO MIAMI-DADE, LA FLORIDA.

| DIVISION<br>☐ CIVIL<br>☐ DISTRITO<br>☐ OTRA | EMPLAZAMIENTO DE ACCION CIVIL<br>(b) NOTIFICACION PERSONAL A PERSONA NATURAL | NUMERO DE CASO |
|---|---|---|
| DEMANDANTE(S) | VS.   DEMANDADO(S) | HORA |

EL ESTADO DE LA FLORIDA: A cada alguacil del Estado: Se le ordena que hagen entrega de esta notificación y una copia de la demanda en este pleito al demandado(s) mencionada arriba.

| A Demandado(s): | A Demandado(s): |
|---|---|

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal (Legal Aid Office) o un servicio de referencia de abogados (Attorney Referral Service) que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar en la mano una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante) y presentar su contestación a la demanda al Secretario del Juzgado. La ubicación central de la Oficina del Secretario está en el edificio de la Corte del Condado de Dade. La dirección de la Corte, y de las sucursales aparecen en la lista siguiente para su conveniencia:

"Para aquellas personas que no puedan pagar un abogado, la información sobre como solicitar asistencia legal gratuita se puede encontrar en www.dadecountyprobono.org."

### LOCALIDAD DE LOS TRIBUNALES DEL CONDADO DE MIAMI-DADE

☐ **Dade County Courthouse** (05)
Room 133
73 West Flagler Street
Miami, FL 33130

☐ **Joseph Caleb Center Court** (20)
Suite 103
5400 N.W. 22nd Avenue
Miami, FL 33142

☐ **Hialeah District Court** (21)
Room 100
11 East 6th Street
Hialeah, FL 33010

☐ **North Dade Justice Center** (23)
Room 100
15555 Biscayne Blvd.
North Miami Beach, FL 33160

☐ **Miami Beach District Court** (24)
Room 200
1130 Washington Avenue
Miami Beach, FL 33139

☐ **Coral Gables District Court** (25)
Room 100
3100 Ponce De Leon Blvd.
Coral Gables, FL 33134

☐ **South Dade Justice Center** (26)
Room 1200
10710 SW 211 Street
Miami, FL 33189

| SERVICIO |
|---|

| Demandante o Abogado del Demandante:<br><br>Número del Colegio de Abogados: | Dirección: | |
|---|---|---|
| **JUAN FERNANDEZ-BARQUIN**<br>**Secretario del Tribunal y Contralor** | COMO SECRETARIO ADJUNTO | FECHA |

## LEY PARA ESTADOUNIDENSES CON INCAPACIDADES

**"Si usted es una persona minusválida que necesita hacer arreglos para poder participar en este proceso, usted tiene derecho, sin gasto alguno, a que se le provea cierta ayuda. Por favor póngase en contacto con Aliean Simpkins, el Coordinador de ADA en el Onceavo Distrito Judicial ubicado en el Lawson E. Thomas Courthouse Center, 175 NW 1st Ave, Sala 2400, Miami FL 33128, Teléfonos (305)349-7175; TDD (305) 349-7174, Correo electrónico ADA@jud11.flcourts.org or Fax (305) 349-7355 por lo menos siete (7) días antes de la cita fijada para su comparecencia en los tribunales; o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de siete (7) días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

☐ AU TRIBUNAL DU ONZIEME ARRONDISSEMENT JUDICIARE DANS ET POUR MIAMI-DADE, FLORIDE.

☐ AU TRIBUNAL DE JUGEMENT ET POUR LE DEPARTENT DE MIAMI-DADE, FLORIDE.

| DIVIZYON<br>☐ CIVILE<br>☐ DISTRICT<br>☐ AUTRE | CONVOCARION D' ACTION CIVILE<br>(b) LIVRAI ON PERSONNELLE A UNE PERSONNE | NUMERO DE CASO |
|---|---|---|
| **PLAINTE (S)** | **VS.   CONTRE ACCUSE(S)** | **HEURE IN** |

**L'TAT DE LA FLORIDE:** A chaque sherif de l'etat vous etes oblige de presenter cette citation et une photocpie de la plainte de ce document sur l'accuse (e) ci-desus.

| A (AUX) ACCUSE(S): | A (AUX) ACCUSE(S): |
|---|---|

### IMPORTANT

Des poursuites judiciaires ont ete enterprises contre vous. Vous avez 20 jours consecutifs a partir a de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simole coup de telephone est insoffisant pour vous proteger. Vous etes obliges de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas aotre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintif/Plaintif's Attorney" (Plaignant ou a son avocat) nomme ci-dessous et enregistrer votre reponse avec le Greffier du Tribunal. L'adresse centrale du bureau du Greffier est le Dade County Courthouse. L'adresse du tribunal,et l'adresse des succursales sont dans ci-dessous pour votre convenance

**"Pour ceux qui ne peuvent payer un avocat, des informations sur la façon de demander de l'aide juridique gratuite peut être trouvé à www.dadecountyprobono.org"**

#### ADRESSES DES TRIBUNAUX EN MIAMI-DADE

☐ **Dade County Courthouse** (05)
Room 133
73 West Flagler Street
Miami, FL 33130

☐ **Joseph Caleb Center Court** (20)
Suite 103
5400 N.W. 22nd Avenue
Miami, FL 33142

☐ **Hialeah District Court** (21)
Room 100
11 East 6th Street
Hialeah, FL 33010

☐ **North Dade Justice Center** (23)
Room 100
15555 Biscayne Blvd.
North Miami Beach, FL 33160

☐ **Miami Beach District Court** (24)
Room 200
1130 Washington Avenue
Miami Beach, FL 33139

☐ **Coral Gables District Court** (25)
Room 100
3100 Ponce De Leon Blvd.
Coral Gables, FL 33134

☐ **South Dade Justice Center** (26)
Room 1200
10710 SW 211 Street
Miami, FL 33189

**UN SERVICE**

| Plainte/Avocat du Plainte<br><br>Numero de barreau de la Floride: | Adresse : | |
|---|---|---|
| **JUAN FERNANDEZ-BARQUIN**<br>**Greffier du Tribunal**<br>et Contrôleur | | DATE: |
| | COMME GREFFIER ADJOINT | |

## ACT DE 1990 POUR AMERICAINS HANDICAPES
## AVIS DE l' ADA
" Si vous êtes une personne handicapée qui a besoin d'accommodement pour pouvoir participer à cette procédure, vous avez le droit, sans aucun coût, d'avoir de l'aide à votre disposition. S'il vous plaît contacter Aliean Simpkins, le Coordinateur de l'ADA du Tribunal de l'Onzième Circuit Judiciaire, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave. Suite 2400, Miami, FL. 33128, Téléphone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org or Fax (305) 349-7355 au moins sept (7) jours avant la date de comparution au tribunal, oubien immédiatement après avoir reçu cet avis si la date avant la comparution est moins de sept (7) jours; si vous avez une incapacité pour entendre ou parler, appelez le 711."

☐ NAN TRIBINAL ITINERAN NAN ONZYÈM AWONDISMAN JIDISYÈ NAN E POU KONTE MIAMI-DADE, FLORIDA
☐ NAN TRIBINAL E POU TRIBINAL NAN MIAMI-DADE COUNTY, FLORIDA

| DIVIZYON<br>☐ SIVIL<br>☐ DISTRI<br>☐ LÒT | **KONVOKASYON POU KA SIVIL**<br>(b) DELIVRE PERSONELMAN BAY YON MOUN | NIMEWO KA |
|---|---|---|
| **PLENTIF (S)** | **VS.   KONT AKIZE(S)** | **LE** |

**ETA FLORIDA:** Pou Chak nan eta a yo odone ou pou bay akize a (yo), non I ekri anwo a, manda sa a ak yon kopi yo pote nan pwose sa a.:

| AKIZE: | ADRES:: |
|---|---|

### ENPOTAN

Yo entre yon aksyon kont oumenm. Ou genyen 20 jou kalandriye apres ou recevoi somasyon-an pou enregistre devan grefie tribunal-sa, yon reponce pa ecri attache avec plent-la. Yon apel pa telefon ka kapab protege-ou. Se yon repense pa ecri,fo ou m ete numero ka-a ki sou tet pagela avec nom moune-yo ki sou papie-sa oblige ecri si ou vle ke tribunal-la tende position-ou cou ka-a. Si ou pa enregistre reponce-ou a l'heure ou capab pedu ka-a san tribunal la pa anounce-ou en yen, ou capab pedu l'agen ou ak byen ou. Genyen lot demande. Ou ka besoin telefone yon avoka tout de suit. Si ou pa lonen yon avoka, ou ka rele sevis ki rekomande avoka, ou biro ede legal (ki nan lis liv telefone).

Si ou shoisi voye yon reponce pa ecri oumenm, ou supose en mem tan poste en mem tan poste en pote on copi response pa ecri pou avoka pleyan ou pleyan-yo ke non-li ama-a et enregistre reponce-la nan tribunal-la ki localize nan avek Sekrete Tribunal. Adres santral biwo Sekrete a se Dade County Courthouse. Adres tribinal la, ak adres lot tribinal yo nan lis ki anba a pou ou ka jwenn yo alez:

**"Pou moun ki pa an mezi peye pou pran yon avoka, yo kapab jwenn enfòmasyon sou kijan pou yo chèche jwenn assistans legal gratis nan www.dadecountyprobono.org."**

### ADRESSES DES TRIBUNAUX EN MIAMI-DADE

| ☐ **Dade County Courthouse** (05)<br>Room 133<br>73 West Flagler Street<br>Miami, FL 33130 | ☐ **Joseph Caleb Center Court** (20)<br>Suite 103<br>5400 N.W. 22nd Avenue<br>Miami, FL 33142 | ☐ **Hialeah District Court** (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, FL 33010 | ☐ **North Dade Justice Center** (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, FL 33160 |
|---|---|---|---|
| ☐ **Miami Beach District Court** (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, FL 33139 | ☐ **Coral Gables District Court** (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, FL 33134 | ☐ **South Dade Justice Center** (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, FL 33189 | UN SERVICE |

| Plainte /Avocat du Plainte<br><br>Numero de barreau de la Floride: | Nimewo manm avoka a.<br><br>Address: | |
|---|---|---|
| **JUAN FERNANDEZ-BARQUIN**<br>**Grefye Tribinal la ak Kontwolè** | <br><br><br>SEKRETE | DATE: |

### LWA 1990 POU AMERIKEN KI ENFIM
### ANONS POU AMERIKEN KI ENFIM

**"Si ou se yon moun ki enfim e ou bezwen akomodasyon pou ou patisipe nan pwosedi sa a, ou gen dwa pou yo ba ou kèk èd san ou pa gen pou ou peye. Silvouplè kontakte Kowòdinatè Aliean Simpkins, ADA pou Tribinal Onzyèm Distrik Jidisyè a nan: Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, Fl 33128, Telefòn (305) 349-7175; TDD (305) 349-7174, Imèl ADA@jud11.flcourts.org; or Fax (305) 349-7355 omwen sèt (7) jou anvan ou gen randevou pou ou parèt  nan tribunal la, oubyen imedyatman  lè ou resevwa notifikasyon sa a si ou gen mwens ke sèt (7) jou  pou ou parèt nan tribunal la; si ou gen difikilte pou ou tande oubyen  pale, rele 711."**

Clerk's web address: www.miamidadeclerk.gov

Case
Wardak v Goolden

Exhibit
7

# IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

## CIRCUIT CIVIL DIVISION

CASE NO.: 2024-011574-CA-01
SECTION:  CA23

**Hamed Wardak**
**Plaintiff(s),**

**vs.**

**Sarah Goolden**
**Defendant(s)**

_____/

## CASE MANAGEMENT ORDER (STREAMLINED PATHWAY)

    **THIS CAUSE** came before the Court on case management review. Based on the review of the file, and pursuant to Rule 2.545, Fla. R. Jud. Admin., the Court has established Case Management Deadlines, and it is hereby

    **ORDERED** that:

1. The parties shall comply with these Case Management Deadlines until further order of court. The parties shall strictly comply with the deadlines and should expect that the case will be tried during the anticipated trial period specified, without continuances. The parties cannot agree to extend the deadlines and cannot agree to waive any portion of the provisions of this order.

2. **Procedural Requirements**: In addition to strict adherence to the Florida Rules of Civil Procedure and the Administrative Orders of the Court, the parties shall comply with the Case Management Procedures in this order. The parties may not unilaterally extend any of the deadlines contained in the Case Management Procedures. Deadlines may be altered by the Court where the interests of justice so require, upon prompt motion, notice and hearing.

| CASE MANAGEMENT DEADLINES | |
|---|---|
| **Deadline for Service of Complaint:** | **10-19-2024** |

| | |
|---|---|
| **Deadline for Propounding Requests for Production, Requests to Admit and Interrogatories:** | **11-07-2024** |
| **Deadline for Witness and Exhibit List, including known experts:** | **12-12-2024** |
| **Deadline for Initial Scheduling and Setting Depositions:** | **12-22-2024** |
| **Deadline for Adding Parties:** | **01-21-2025** |
| **Deadline for Inspections/Examinations:** | **02-05-2025** |
| **Deadline for Expert Disclosure:** | **02-25-2025** |
| **Deadline for Discovery Completion (Including Depositions):** | **03-28-2025** |
| **Deadline for Final Witness and Exhibit List:** | **03-28-2025** |
| **Deadline for Dispositive Motions:** | **03-28-2025** |
| **Deadline for Pretrial Motions and Jury Instructions/Daubert:** | **04-07-2025** |
| **Deadline for ADR/Mediation:** | **04-07-2025** |
| **Trial Ready Deadline:** | **05-07-2025** |

## CASE MANAGEMENT PROCEDURES
### Motion Practice

1. **Duty to Communicate**: Prior to filing any motion, counsel have a duty to confer with each other directly in good faith, *not through staff*, to attempt to narrow or resolve issues. "In good faith" means you are professional and temperate in your communications, you return phone calls and emails in a timely manner, and you do not set unreasonable deadlines for responses.

2. **Scheduling of Hearings**: Motions filed (other than dispositive motions or those requiring testimony) must be noticed for hearing on the first available motion calendar. Motions not promptly set for hearing may be ruled upon by the Court on the papers.

3. **Compelling Discovery where there has been no response**: The parties are to comply with Administrative Order 06-09 when moving to compel production of propounded discovery. These motions shall be submitted via courtMAP with supporting documents and shall <u>not</u> be placed on motion calendar.

4. **Motions for Protective Order**: Motions for protective order must be filed as soon as the grounds are known. Counsel should be coordinating deposition dates for specific parties/witnesses and have a duty to confer regarding any issues that would be the subject of a motion for protective order prior to scheduling the deposition. The filing of the motion must not be delayed until immediately prior to the scheduled deposition. <u>A motion for protective order does not automatically stay the deposition and the deposition shall proceed unless an order granting the motion is entered by the Court.</u>

5. **Motions for Extension**: Motions for extension of time must state with specificity the reason why extension is needed and anticipated deadline for competition, which may not exceed the time allowed for the original deadline absent extraordinary circumstances. The Court may rule upon submission of the motion without a hearing. Any motion for extension of time must be preceded by a meet and confer with opposing counsel and absent agreement, be set for hearing immediately upon filing. Counsel should be prepared to respond promptly in the event the motion is denied.

6. **Dispositive Motions**: Motions which may dispose of specific issues, portions of the case or the entire case should be filed <u>and</u> set for hearing as soon as possible. Parties wishing to pursue a dispositive motion should target the essential discovery promptly. <u>Parties should confer to assure necessary discovery is scheduled to be completed and will be completed prior to a special set hearing date.</u>  <u>Last minute cancellations are disfavored.</u>

7. **Amendment of Pleadings**: Motions to amend should be filed so as not to affect the date of trial. Although the Court recognizes the rule of liberality with regard to amendment of pleadings, liberality declines with an approaching trial date unless the amendment involves newly discovered information not previously available. Review your pleadings for necessary amendment(s) early, not as part of last-minute trial preparation.

### Discovery

8. **Written Discovery shall be propounded promptly**:

   a. **Objections**: If objections to written discovery involve the phrasing of the request or time frame of any discovery request, these objections may not be extended (even if the parties agree) and are due at the time the initial response is due. Failure to timely make these objections, constitutes a waiver. Parties shall comply with the "Duty to Communicate" above, prior to setting timely made objections for hearing.

   b. **Documents made available for inspection and copying**: If discovery responses provide that the documents are available for inspection and copying at a mutually convenient time and place, the responding party shall immediately (within 48 hours) provide three alternative dates and times that the documents are available for inspection and copying. All of the dates shall be within ten (10) days. Failure to provide the dates and times shall constitute a failure to respond to discovery. Review shall occur within fifteen (15) days of the response, absent extraordinary circumstances. Examples of "extraordinary circumstances" include a sole practitioner in trial on another case, a medical emergency, prepaid vacation, and a death in the family.

   c. **Privilege Logs**: Privilege logs are due at the time of the response and may not be reserved to be provided later. Privilege logs must specifically identify the document in accordance with Rule 1.280(b)(6), Fla.R.Civ.P.

      Failure to timely provide the privilege log may result in the waiver of the privilege.

This procedure requires preparation of a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product except the following: written and oral communications between a party and their counsel after commencement of the action and work product material created after commencement of the action.

Parties are instructed that where they believe that the divulgence of the logging information would necessarily cause disclosure of the allegedly privileged information, they must identify that the item exists and that *in camera* review by the court will be sought. The item may be described generically. However, if the Court determines that there is nothing inherent in the divulgence of the existence of the document or the logging information required that would violate privilege, the Court will impose sanctions for any *in camera* request determined to be frivolous. *In camera* requests by the party claiming the privilege must be signed by both the requesting attorney and the client, so as to assure that all are aware of the request and the consequences.

d. **Expert Disclosure**: Parties should furnish opposing counsel with the names and addresses of all expert witness under Rule 1.390(a) to be called at trial and all information regarding expert testimony that is required by Rule 1.280(b)(5). Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. Information furnished pursuant to this paragraph should be timely filed.

9. **Depositions**: The parties are ordered to block time now for necessary depositions to be set in this case Expert deposition time should be coordinated and blocked as soon as experts are known to ensure compliance with this schedule. Depositions may commence at any time. Refer to paragraph 4 above regarding motions for protective order.

## Witness and Exhibits Lists

10. **Witness and Exhibit Lists**: The parties shall timely exchange their witness and exhibit lists. The lists shall include complete proper names and addresses. If counsel chooses to list their bar address as the witness' address, counsel is deemed to have agreed to produce the witness voluntarily as they have withheld the information necessary for a witness subpoena, and counsel will be responsible for assuring that witness' presence at trial.

## **Mediation**

11. **Mediation**: Parties must mediate by the Court's deadline. The parties are responsible for assuring that they have all the necessary information to value their position prior to mediation. If the parties fail to mediate before the mediation deadline, sanctions shall be imposed by the Court. Failure to timely mediate shall not constitute just cause for a trial continuance.

      **DONE AND ORDERED** in Chambers, at Miami-Dade County, Florida, on this _____ **25th day of August, 2024** _____.

2024-011574-CA-01 08-25-2024 11:37 PM

2024-011574-CA-01 08-25-2024 11:37 PM

**Joseph Perkins**
CIRCUIT COURT JUDGE

Copies Furnished to:
Electronically Served

Benjamin Henry Brodsky, bbrodsky@bfwlegal.com
Benjamin Henry Brodsky, docketing@bfwlegal.com

Case
Wardak v Goolden

**Exhibit
8**

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

HAMED WARDAK,                          CASE NO.: 2024-011574-CA-01

       Plaintiff,

v.

SARAH GOOLDEN,

       Defendant.

_____/

## <u>MOTION FOR CLERK'S DEFAULT</u>

Pursuant to Rule 1.500(a) of the Florida rules of Civil Procedure, Plaintiff Hamed Wardak ("Plaintiff"), by and through undersigned counsel, hereby moves for entry of Clerk's Default against Defendant Sarah Goolden ("Defendant") for failure to serve any paper on the undersigned or file any paper as required by law, and in support states as follows:

1. On June 21, 2024, Plaintiff filed his Complaint

2. On June 26, 2024, the Court issued a 20-day Individual Summons to Defendant Sarah Goolden.

3. On August 10, 2024, Defendant was served via substitute service upon her husband/co-resident. A copy of the sworn return of service has been filed separately in the Florida Courts e-filing portal (Filing No. 206283785). Accordingly, Defendant's response was due no later than August 30, 2024.

4. As of the date of filing this motion, Defendant Sarah Goolden has failed to serve or file any paper in this action or otherwise respond to the subject Complaint.



WHEREFORE, the Plaintiff respectfully requests that the Clerk of the Court enter a default against Defendant Sarah Goolden. A proposed Clerk's Default against Sarah Goolden is attached.

Dated: September 5, 2024

Respectfully submitted,

By: /s/ *Benjamin H. Brodsky*
Benjamin H. Brodsky, Esq.,
Florida Bar No. 73748
Brodsky Fotiu-Wojtowicz, PLLC
*Counsel for Plaintiff*
200 SE 1st Street, Suite 400
Miami, Florida 33131
Tel: 305-503-5054
Fax: 786-749-7644
bbrodsky@bfwlegal.com
docketing@bfwlegal.com

2

BFW

BRODSKY FOTIU-WOJTOWICZ

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

HAMED WARDAK,                               CASE NO.: 2024-011574-CA-01

      Plaintiff,

v.

SARAH GOOLDEN,

      Defendant.

_____/

## CLERK'S DEFAULT

It appearing that Defendant Sarah Goolden is in default for failure to answer or otherwise

appear to the Complaint filed herein within the time required by law, Default is hereby entered

against Sarah Goolden on this ____ day of _____, 2024.


                                 JUAN FERNANDEZ-BARQUIN
                                 CLERK OF THE COURT


                                 BY: _____
                                     As Deputy Clerk

3

BFW

BRODSKY FOTIU-WOJTOWICZ

Case
Wardak v Goolden

Exhibit
9

| | |
|---|---|
| HAMED WARDAK, | IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA |
| Plaintiff, | |
| vs. | CASE NO.: 2024-011574-CA-01 |
| | DIVISION: Civil |
| SARAH GOOLDEN, | |
| Defendant. | |
| _____/ | |

## NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL ADDRESSES

Robert Garson, Esq. of GS2Law, PLLC, hereby files its appearance in the above-styled case as counsel on behalf of SARAH GOOLDEN, ("Defendant"), and requests that it be served with copies of all letters, emails, notices, pleadings, motions, orders and all other documents filed in or pertaining to this case.

## DESIGNATION OF E-MAIL ADDRESSES

NOTICE IS HEREBY given that undersigned counsel of GS2Law, PLLC, designates the following primary and secondary e-mail addresses, pursuant to Fla. R. Jud. Admin. 2.516:

Primary:      rg@gs2law.com
Secondary:   dockets@gs2law.com

**[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 12, 2024, a true and correct copy of the foregoing

was served via e-mail to those parties required to receive e-mail service pursuant to Fla. R. Jud.

Admin. 2.516.

> **GS2Law, PLLC**
> *Counsel for Defendants*
> 20803 Biscayne Blvd., Suite 405
> Aventura, FL 3380
> Phone: (305) 780-5212
> Fax:    (347) 537-4540
> rg@gs2law.com
>
>
> By: /s/Robert Garson
>    Robert Garson, Esq.
>    Fla. Bar No. 1034548

Case
Wardak v Goolden

**Exhibit
10**

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

HAMED WARDAK,                              CASE NO.: 2024-011574-CA-01

     Plaintiff,

v.

SARAH GOOLDEN,

     Defendant.

_____/

## **MOTION FOR ENTRY OF JUDICIAL DEFAULT**

Pursuant to Rule 1.500(b) of Florida Rules of Civil Procedure, Plaintiff HAMED WARDAK ("Plaintiff"), by and through undersigned counsel, hereby moves for entry of a Judicial Default against Defendant SARAH GOOLDEN for failure to serve any paper on the undersigned or file any paper as required by law, and in support of states as follows:

1.     On June 21, 2024, Plaintiff filed his Complaint ("Complaint").

2.     On June 26, 2024, the Court issued a 20-day Individual Summons to Defendant Sarah Goolden ("Defendant").

3.     On August 10, 2024, Defendant was served via substitute service upon her husband/co-resident. A copy of the sworn return of service has been filed separately in the Florida Courts e-filing portal (Filing No. 206283785) and is attached hereto as **Exhibit A**.

4.     Accordingly, Defendant's response was due no later than August 30, 2024.

5.     As of the date of filing this motion, Defendant Sarah Goolden has failed to serve or file any paper in this action or otherwise respond to the subject Complaint.



WHEREFORE, for the foregoing reasons, Plaintiff Hamed Wardak respectfully requests that this Court enter a Judicial Default against Defendant Sarah Goolden, and for any other relief deemed just and proper.

Dated: September 16th, 2024

Respectfully submitted,

By: _/s/ Benjamin H. Brodsky_
Benjamin H. Brodsky, Esq.
Florida Bar No. 73748
Brodsky Fotiu-Wojtowicz, PLLC
*Counsel for Plaintiff*
200 SE 1st Street, Suite 400
Miami, Florida 33131
Tel:  305-503-5054
Fax: 786-749-7644
bbrodsky@bfwlegal.com
docketing@bfwlegal.com

## CERTIFICATE OF SERVICE

I certify that the foregoing document has been furnished by the Florida Courts e-filing Portal pursuant to Fla. R. Jud. Admin. 2.516(b)(1) on September 16th, 2024 to all parties registered to receive e-service in this matter.

By: _/s/ Benjamin H. Brodsky_
Benjamin H. Brodsky, Esq.

2



# EXHIBIT A

Case 1:24-cv-24198-FAM Document 1-2 Entered on FLSD Docket 10/29/2024 Page 39 of 58

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT        **Job #:** 2408192
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

| | |
|---|---|
| Hamed Wardak, | **Case No.:** 2024-011574-CA-01 |
| | **Date Filed:** 6/25/2024 |
| ***vs*** Plaintiff(s) | **Client's File No.:** |
| Sarah Goolden, | **Court/Return Date:** |
| Defendant(s) | |

STATE OF NEW YORK, COUNTY OF ULSTER, SS.:              **AFFIDAVIT OF SERVICE**

**Steve Kimmey**, being sworn says:
       Deponent is not a party herein is over the age of 18 years and resides in the State of New York.
On **August 10, 2024**, at **9:30 AM** at **615 Linderman Avenue Extension, Kingston, NY 12401**, Deponent served the within **Civil Action Summons, Civil Cover Sheet and Complaint**

On: **Sarah Goolden**, Defendant therein named, (hereinafter referred to as "subject").

☐ **#1 INDIVIDUAL**
     By delivering a true copy of each to said subject personally; Deponent knew the person so served to be the person described in as said subject therein.

☒ **#2 SUITABLE AGE PERSON**
     By delivering thereat a true copy of each to **Richard Abrazi (Husband)** a person of suitable age and discretion. Said premises is subject's:☐ actual place of business / employment [X] dwelling house / usual place of abode / last-known residence within the state.

☐ **#3 AFFIXING TO DOOR**
     By affixing a true copy of each to the door of said premises which is subjects
     ☐ actual place of business / employment ☐ dwelling house / usual place of abode / last-known residence within the state.    Attempts at personal delivery were made on:

☐ **#4 AUTHORIZED AGENT**
     By delivering thereat a true copy of each personally to , which person is the thereof, an agent duly authorized to accept service on behalf thereof.

☒ **#5 MAILING**
     On **August 13, 2024**, service was completed by mailing a true copy of above document(s) to the above address in a first-class, postpaid, properly addressed envelope marked "Personal and Confidential" , from a depository under the exclusive care and custody of the United States Post Office in the State of New York, or, if not served in New York State, within the State in which the service occurred.

     ☐ An additional mailing was completed to the address above by certified mail. Certified mailing #

☒ **#6 APPROXIMATE DESCRIPTION**
     Sex: Male    Skin/Race: White    Color of hair: Brown    Age: 40-45
     Height: 5/11    Weight: 180    Other Features:

☒ **#7 MILITARY SERVICE:** Upon information and belief, subject is not active in the U.S. Military Service in any capacity. No specific active military information was provided by recipient when questioned during service, and/or non-military status was confirmed through records of the U.S. Dept. Of Defense or otherwise known to and/or verified by me, and I received no indication during completion of this service that subject is active military.

☐ **#8 WITNESS FEES**
     Subpoena Fee Tendered in the amount of $

☐ **#9 OTHER**

Sworn to before me on August 13, 2024

*Kim F. Letus (Reg. #01LE6617786)*
*Notary Public, State of New York*
*Qualified in Ulster County*
*Commission Expires 3/30/27*

                                          Steve Kimmey

Filing # 201256482 E-Filed 06/25/2024 09:40:30 AM

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.<br>☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. |||

| DIVISION<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | **CIVIL ACTION SUMMONS (b)**<br>**Form for Personal Service on a Natural Person** | CASE NUMBER<br><br>2024-011574-CA-01 |
|---|---|---|
| **PLAINTIFF(S)**<br><br>HAMED WARDAK | **VS.   DEFENDANT(S)**<br><br>SARAH GOOLDEN | **CLOCK IN** |

**THE STATE OF FLORIDA:** TO EACH SHERIFF OF THE STATE, YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on defendant:

| To Defendant(s):<br><br>SARAH GOOLDEN | Address:<br>215 Thompson St, #125, New York, NY 10012 |
|---|---|

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the Clerk of the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below. The central location of the Clerk's office is at the Dade County Courthouse. The address for the courthouse, and branch locations are listed below for your convenience:

**"For those unable to pay for an attorney, information on how to seek free legal assistance can be found at www.dadecountyprobono.org."**

#### MIAMI-DADE COUNTY COURT LOCATIONS

| ☒ **Dade County Courthouse** (05)<br>Room 133<br>73 West Flagler Street<br>Miami, FL 33130 | ☐ **Joseph Caleb Center Court** (20)<br>Suite 103<br>5400 N.W. 22nd Avenue<br>Miami, FL 33142 | ☐ **Hialeah District Court** (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, FL 33010 | ☐ **North Dade Justice Center** (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, FL 33160 |
|---|---|---|---|
| ☐ **Miami Beach District Court** (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, FL 33139 | ☐ **Coral Gables District Court** (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, FL 33134 | ☐ **South Dade Justice Center** (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, FL 33189 | **SERVICE** |

| Plaintiff/Plaintiff Attorney<br>Benjamin Brodsky<br>Florida Bar No.      73748 | Address:  Brodsky Fotiu-Wojtowicz, PLLC<br>200 SE 1st Street, Suite 400,<br>Miami, FL 33131 | |
|---|---|---|
| **JUAN FERNANDEZ-BARQUIN**<br>CLERK OF THE COURT AND COMPTROLLER<br>**MIAMI-DADE COUNTY**<br>**CIRCUIT AND COUNTY COURTS** | 33084<br>DEPUTY CLERK | **DATE ON:**<br><br>6/26/2024 |

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1ˢᵗ Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174; Email ADA@jud11.flcourts.org; Fax (305) 349-7355 at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

Case
Wardak v Goolden

**Exhibit**
11

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN
AND FOR MIAMI-DADE COUNTY,
FLORIDA

HAMED WARDAK,

      Plaintiff,

vs.

     CASE NO.: 2024-011574-CA-01

     DIVISION: Civil

SARAH GOOLDEN,

      Defendant.

_____/


## **DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO COMPLAINT**

COMES NOW, the Defendant, SARAH GOOLDEN ("**DEFENDANT**"), by and through the undersigned counsel and pursuant to the applicable Florida Rule of Civil Procedure, hereby files this Motion for Extension of Time to file her Response to Complaint, and in support thereof states as follows:

1. On June 21, 2024, Plaintiff, Hamed Wardak, ("Petitioner") commenced this action by filing a complaint against the Defendant.

2. On September 5, 2024, the Defendant filed an affidavit of service alleging substituted service at and to an improper address.

3. Defendant recently retained the undersigned firm to represent her interests in this matter.

4. Due to the press of other matters and due to the possibility of resolution of this matter in lieu of further litigation, the undersigned counsel respectfully requests a fifteen (15) day extension of time to file a response to the Complaint.

**WHEREFORE**, the Defendant, SARAH GOOLDEN, hereby moves this Court for an Order extending its deadline to respond to the Complaint through October 1, 2024, and for the entry of other and further relief this Court deems just and proper.

**Dated: September 16, 2024.**

<div style="text-align: right">

**GS2LAW PLLC**

By:   /s/ *Robert Garson*
Robert Garson
Florida Bar No. 1034548
20803 Biscayne Blvd., #405
Aventura, Florida 33180
(305) 780-5212
rg@gs2law.com
*Attorneys for Respondent*

</div>

<div style="text-align: center">

**CERTIFICATE OF SERVICE**

</div>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the E-filing Portal and via E-mail this 16th day of September, 2024 to all counsel of record.

:                                        /s/ *Robert Garson*

Case 1:24-cv-24198-FAM Document 1-2 Entered on FLSD Docket 10/29/2024 Page 43 of 58

<div style="border: 1px solid black;">

**Case**
**Wardak v Goolden**

**Exhibit**
**12**
</div>

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
### IN AND FOR MIAMI-DADE COUNTY, FLORIDA

HAMED WARDAK,                          CASE NO.: 2024-011574-CA-01

      Plaintiff,

v.

SARAH GOOLDEN,

      Defendant.

_____/

### NOTICE OF HEARING
#### (Motion Calendar)

**YOU ARE HEREBY NOTIFIED** that the undersigned has requested a motion calendar hearing before the **Honorable Joseph Perkins,** Judge of the above-styled Court, via zoom videoconferencing, on **Thursday, October 10, 2024, at 9:00 am,** or as soon thereafter as counsel may be heard, on the following:

### PLAINTIFF'S MOTION FOR ENTRY OF JUDICIAL DEFAULT

      PLEASE BE GOVERNED ACCORDINGLY.

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator at Lawson E. Thomas Courthouse Center, 175 N.W. 1st Ave., Suite 2702, Miami, Florida 33128, Telephone numbers (305) 349-7175 for voice or (305) 349-7174 for TDD and 349-7355 for fax, at least 7 days before your scheduled court appearances, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711 or 1-800-955-8771 for the Florida Relay Service.



BRODSKY FOTIU-WOJTOWICZ

Respectfully submitted,

By: _/s/ *Benjamin H. Brodsky*_____
Benjamin H. Brodsky, Esq.
Florida Bar No. 73748
Brodsky Fotiu-Wojtowicz, PLLC
*Counsel for Plaintiff*
200 SE 1st Street, Suite 400
Miami, Florida 33131
Tel:  305-503-5054
Fax: 786-749-7644
bbrodsky@bfwlegal.com
docketing@bfwlegal.com

## CERTIFICATE OF SERVICE

I certify that the foregoing document has been furnished by the Florida Courts e-filing

Portal pursuant to Fla. R. Jud. Admin. 2.516(b)(1), this 17th day of September, 2024 to the

following:

Robert Garson, Esq.
**GS2Law, PLLC**
20803 Biscayne Blvd., Suite 405
Aventura, FL 33180
Tel: 305-780-5212
Fax: 347-537-4540
rg@gs2law.com
dockets@gs2law.com
njg@gs2law.com

By: _/s/ *Benjamin H. Brodsky*_____
Benjamin H. Brodsky, Esq.

2



|  |  |
|---|---|
| HAMED WARDAK, | IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA |
| Plaintiff, | |
| vs. | CASE NO.: 2024-011574-CA-01 DIVISION: Civil |
| SARAH GOOLDEN, | |
| Defendant. | |
| _____/ | |

### SARAH GOOLDEN'S MOTION TO QUASH SERVICE OF PROCESS

Defendant, SARAH GOOLDEN ("GOOLDEN" or "Defendant"), by and through the undersigned, files this Motion to Quash Service of Process, and in support states and alleges:

### BACKGROUND

This case arises in the context of a much wider dispute where Plaintiff, Hamed Wardak ("WARDAK" or "Plaintiff") has pursued Goolden across jurisdictions and is still ongoing before the Southern District of New York, which is relevant to why this matter was filed shortly before any applicable statute of limitations for a rarely brought action pursuant to Fla. Stat. § 934.10.

Smarting from a failed personal relationship, Wardak has sought retribution against Goolden to the extent that there have been orders of protection issued against Wardak in New York. Having been restrained from in-person harassment, Wardak has found the court system to be a perfect vehicle for continued contact with Goolden.

On January 23, 2019, Wardak filed a complaint against Goolden before this court, case number 2019-CA-002220. On March 22, 2019, Goolden filed a Notice of Removal on the basis of diversity of citizenship in that Plaintiff is a resident of Puerto Rico and Goolden is a resident of New York.

This became Southern District of Florida Case No. 19-CIV-21121-RAR. The Plaintiff amended its complaint, alleging fraud on the basis of Goolden's misrepresentations about her romantic intentions, fraud against her father on the same basis, conspiracy and violations of Fla. Stat. 772.103 against both. In that case, Goolden was served in that case by way of "Nail and Mail" service at her home address. The case was voluntarily dismissed by plaintiff following a report and recommendation from the Magistrate Judge Jacqueline Becerra on 5/22/2020 based on a failure to state causes of action for fraud, civil conspiracy, RICO, defamation. Further, the Court agreed that the causes of action were precluded under the doctrine of *Res Judicata.*

Nearly concurrently with the above case, Plaintiff filed a parallel action on January 31, 2019, before the Supreme Court of New York, County of New York, Index No. 151080/2019 for, *inter alia,* Conversion, Misappropriation and various other causes of action relating to a trust for Goolden's dog. The New York Court also dismissed Plaintiff's complaint with prejudice on September 23, 2019, on the court's finding that the transfer of funds to Goolden by Plaintiff was an irrevocable gift. In that case, Goolden was personally served. In the interim period, Wardak was arrested at least twice for violating the order of protection, in which he threatened to assassinate Goolden and her family.

On July 5, 2019, Goolden filed a civil action in the Southern District of New York for sexual and physical acts of violence by Wardak, assault, battery, defamation per se, and intentional infliction of emotional distress. The case, Goolden v. Wardak, No. 19- cv-06257, is pending and it is from this case that the instant case emerges. In that case, the court ordered discovery of all videos between the parties. In the course of discovery, Goolden found an old telephone on which there was a video of an argument between Plaintiff and Goolden in which Wardak reminded Goolden that his father killed his mother ("Video").

2

On October 30, 2019, Goolden received a full 2-year order of protection. Understandably, Goolden has kept her home address a closely guarded secret.

Wardak is a serial predator, with a documented history of sexually assaulting and harassing women including:

i) Suit by former chef Carlee Leonhard in Puerto Rico for sexual harassment in which a restraining order has been granted.

ii) An order of protection being granted in favor of Shkala Karzi in Washington D.C. for harassment and stalking. Wardak was also ordered to complete domestic violence training which he never attended.

iii) Wazma Mahamand sued Wardak for sexual assault in Virginia in 2006

iv) Zarina Maiwandi filed a police report against Waerdak on July 5, 2001, Report #:2001024004455 for harassment and for threating to kill her and her entire family.

## PROCEDURAL HISTORY OF THIS MATTER

On June 21, 2024, Plaintiff filed a complaint ("Complaint") against Goolden for violating Fla. Stat. § 934.10 in relation to the Video, which Goolden was turned over in response to discovery demands in June 2022. The Video has been known since that date and Wardak chose to file suit shortly before the two-year statute of limitations.

A review of the docket reveals a Verified Return of Service was filed on September 5, 2024, reflecting that the Defendant was purportedly served by way of substitute service on August 10, 2024, via service upon an individual named Richard Abrazi, Goolden's husband who was present at 615 Linderman Avenue Extension, Kingston, NY 12401 and by way of mailing to the same address on August 13, 2024. Kingston, New York is in Ulster County. The affidavit of service was filed on September 5, 2024. (Dkt. 12)

The docket does not reveal any other attempts to serve Goolden with the Complaint.

According to the docket, Plaintiff sought to obtain a clerk's default against Goolden on September 5, 2024, (Dkt 11) which the Court declined to issue on September 9, 2024 (Dkt. 13) The undersigned appeared in this matter on September 13, 2024 (Dkt. 14), following which the undersigned called opposing counsel and informed him that service is deficient as the address is not Goolden's place of abode.

Despite having been informed of deficient service on September 16, 2024, Plaintiff moved for Default (Dkt. 15). Meanwhile, Goolden sought an extension to respond on September 16, 2024, (Dkt. 16). The undersigned in an email to opposing counsel's office expressed surprise that a motion for default had been filed given the defective service.

On September 24, 2024, the undersigned indicated that he was authorized to accept service and sent a draft waiver of service attached hereto as Exhibit A and sought withdrawal of the motion for default. Wardak's counsel declined to accept a waiver of service on the basis that the 60 days specified in Exhibit A and Fl. R. Civ. P. 1.070 (h)(i)(4) is too long. The undersigned explained that due to the intervening Jewish holidays the 60 days is necessary and sought clarification on the urgency given that Plaintiff had waited two (2) years to bring suit. No explanation was provided.

Pursuant to the Declaration of Sarah Goolden attached hereto as Exhibit B, Defendant does not reside at the New York address, or the county cited on the affidavit of service.

WHEREFORE, Defendant, Sarah Goolden, respectfully requests that this Court quash service of process against her, conduct an evidentiary hearing if deemed necessary, and any other relief that this Court deems just and proper.

4

**ARGUMENT**

**I.      Defective Service**

Service against Goolden must be quashed, and the default as Plaintiff failed to properly serve Goolden with the Complaint.

A judgment may be attacked at any time when the face of the record reveals that no jurisdiction was obtained over the defendant because service of process was not perfected. *Kennedy v. Richmond*, 512 So. 2d 1129, 1130 (Fla. 4th DCA 1987). When there is a lack of jurisdiction over the defendant, the judgment is absolutely null and void on its face. *Wyatt v. Haese*, 649 So. 2d 905, 907 (Fla. 4th DCA 1995).

When considering a challenge to service of process, this Court must strictly construe (and enforce strict compliance with) those statutes that govern service of process. *Shurman v. Atl. Mortgage & Inv. Corp.,* 795 So. 2d 952, 954 (Fla. 2001) (emphasis added).

"[B]ecause of the importance of litigants receiving notice of actions against them, statutes governing service of process are to be strictly construed and enforced." *id*. "The court cannot proceed in a matter until proper proof of valid service is made." *Re-Employment Servs., Ltd. v. Nat'l Loan Acquisitions Co.*, 969 So. 2d 467,471 (Fla. 5th DCA 2007).

In the case at bar, Plaintiff did not personally serve the Defendant; instead, Plaintiff has relied upon substitute service. Florida law is clear that "[a]ll requirements for substituted service must be strictly complied with or service is rendered void." *Johnston v. Hudlett*, 32 So. 3d 700, 705 (Fla. 4th DCA 2010).

Section 48.031(1)(a) of the Florida Statutes contemplates substitute service but contains express requirements:

> Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. Minors who are or have been married shall be served as provided in this section.

The term "usual place of abode" means the place where the defendant is actually living at the time of service." *Johnston*, 32 So. 3d at 705 (citation omitted).

In this case, service was not valid pursuant to section 48.031(1)(a) and did not satisfy the requirements thereof. Pursuant to the Affidavit of Sarah Goolden attached hereto, she does not reside at 615 Linderman Avenue Extension, Kingston, NY 12401 in Ulster county. Thus, the address served was not her usual place or abode. Based on the foregoing, service at the New York address was invalid and insufficient to obtain any jurisdiction over the Defendant.

## II.      No Extension to Serve Should be Given

Plaintiff chose to wait to the waning of the limitations period for the initiation of the instant action, despite there being an active case in New York which Plaintiff could have sought to amend. Further, Plaintiff has declined a waiver of service. By the time this motion is decided, the Plaintiff will not be able to show that it served within the applicable 120-day time period. As such, Fla. R. Civ. P. 1.070(j) (amended 2000) presents a trial court with three options when a plaintiff has not properly served a defendant within 120 days after filing the initial pleading. Those options are: (1) direct that service be effected within a specified time; (2) dismiss the action without prejudice; or (3) drop that defendant as a party. If a plaintiff shows good cause or excusable neglect for failure to make timely service, the court must extend the time for service and has no discretion to do otherwise. However, if neither good cause nor excusable neglect is shown, the trial court is no

longer required to dismiss without prejudice or drop the defendant as a party but is left to exercise its discretion. Here, a purposeful decision was taken not to accept a waiver of service and save the case from the statute of limitations.

Pursuant to *Powell v. Madison County Sheriff's Dep't,* 100 So. 3d 753, 754 (Fla. 1st DCA 2012), where a court is aware of the extent of its discretion and the court properly considers the impact of the statute of limitations, it is not an abuse of discretion to decline to afford any further time to serve. *Powell* recognized in *Pixton v. Williams Scotsman, Inc*., 924 So. 2d 37 (Fla. 5th DCA 2006), that even when the statute of limitations will bar a further action, the trial court does have the discretion to dismiss a case for a failure of service under rule 1.070(j) after properly considering the factors pertaining to such a dismissal.

## CONCLUSION

In the case at bar, Plaintiff presumably relies upon section 48.031(1)(a) of the Florida Statutes to effectuate service upon the Defendant. Said provision has specific requirements with which Plaintiff had to strictly comply in order for service of process to be sufficient and valid. Having failed to strictly comply, Plaintiff has not properly served the Defendant. Based upon the insufficiency of service, service must be quashed.

**Dated: October 1, 2024.**

<div style="text-align: right">

**GS2LAW PLLC**

By:    /s/ *Robert Garson*
Robert Garson
Florida Bar No. 1034548
20803 Biscayne Blvd., #405
Aventura, Florida 33180
(305) 780-5212
rg@gs2law.com
*Attorneys for Respondent*

</div>

7

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the E-filing

Portal and via E-mail this 1st day of October 2024 to all counsel of record.

<u>/s/ *Robert Garson*</u>

Case 2024-011574-CA-0 1

**Exhibit A**

HAMED WARDAK,

     Plaintiff,

vs.

SARAH GOOLDEN,

     Defendant.

_____/

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2024-011574-CA-01

DIVISION: Civil

## WAIVER OF SERVICE OF PROCESS

To: Benjamin H. Brodsky, Esq.,

     I, **ROBERT GARSON** as counsel to Sarah Goolden have received your request to waive service of process in this action. I have also received a copy of the complaint, two copies of this waiver form, and a by which I can return the signed waiver to you without cost to me.

     I, or the entity I represent, agree to save the cost of service of process and an additional copy of the complaint in this lawsuit by not requiring that I or the entity on whose behalf I am acting be served with judicial process in the manner provided by Fla. R. Civ. P. 1.070.

     I understand that I, or the entity I represent, will retain all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

     I also understand that a default judgment may be entered against me or the entity I represent if a written response is not served upon you within sixty (60) days from September 24, 2024, the date when this request was sent.

| | |
|---|---|
| Date: _____ | _____ <br> *Signature of the attorney or unrepresented party* |
| **SARAH GOOLDEN** <br> *Printed name of party waiving service of summons* | **Robert Garson** <br> *Printed Name* |

1

|  | *Address* |
|  | 20803 Biscayne Blvd., Ste 405<br>Aventura, FL 33180 |
|  | *E-mail Address:* Rg@gs2law.com |
|  | *Telephone Number* 305-780 5212 |

Case
2024-011574-CA-0
1

**Exhibit
B**

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN
AND FOR MIAMI-DADE COUNTY,
FLORIDA

HAMED WARDAK,

      Plaintiff,

CASE NO.: 2024-011574-CA-01

vs.

DIVISION: Civil

SARAH GOOLDEN,

      Defendant.

_____/

### DECLARATION OF SARAH GOOLDEN IN SUPPORT OF MOTION TO QUASH SERVICE OF PROCESS

**SARAH GOOLDEN**, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1. I am named as the Defendant in this Action.

2. I am over the age of 18 years and have personal knowledge of the facts stated herein.

3. I have had sight of the affidavit of service was filed on September 5, 2024. (Dkt. 12)

4. I do not live and have never lived ay 615 Linderman Avenue Extension, Kingston, NY 12401.

5. My husband, Richard Abrazi owns a property in Kingston, New York, that belonged to his late father who recently passed.

6. The property in Kingston NY is one of several properties owned by Abrazi.

7. I never received mail that was sent on August 13, 2024.

8. While I am willing to reveal to the Court *in camera* my current address, due to the harassment and order of protection against the Plaintiff, I am not willing to disclose it to him.

9. I live, work, reside, and pay taxes in Manhattan, New York.

10. I have permanently lived in the same place in Manhattan since 2022.

11. I have never lived in or received mail in Kingston, New York.

12. Kingston, New York is 100 miles away from where I live.

13. I have never resided or received mail in Ulster County.

14. Plaintiff never attempted to serve my residence or place of work.

15. Plaintiff never asked my lawyers representing me in the ongoing case in New York, namely Civil Action: No. 19- cv-06257 ("New York Federal Action") to accept service.

16. Instead, on September 5th, plaintiff attorney Benjamin Brodsky emailed my attorney the New York Federal Action to notify her that I am past the deadline to respond.

17. The docket does not reflect any other effort to serve me with the summons and complaint.

18. In the past, there have been orders of protection issued against Wardak in New York and on October 30, 2019, I received a full 2-year order of protection.


I, SARAH GOOLDEN, state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.



Executed on this 1st day of October 2024.


_____

SARAH GOOLDEN

Filing # 208538609 E-Filed 10/09/2024 01:19:40 PM

> Case
> Wardak v Goolden
>
> **Exhibit 14**

### IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
### IN AND FOR MIAMI-DADE COUNTY, FLORIDA

HAMED WARDAK,                                      CASE NO.: 2024-011574-CA-01

     Plaintiff,

v.

SARAH GOOLDEN,

     Defendant.

_____/

## NOTICE OF CANCELLATION OF HEARING
### (Motion Calendar)

**YOU ARE HEREBY NOTIFIED** that the undersigned has cancelled a motion calendar hearing before the **Honorable Joseph Perkins,** Judge of the above-styled Court, via zoom videoconferencing, on **Thursday, October 10, 2024, at 9:00 am**, or as soon thereafter as counsel may be heard, on the following:

### PLAINTIFF'S MOTION FOR ENTRY OF JUDICIAL DEFAULT

     **PLEASE BE GOVERNED ACCORDINGLY.**

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator at Lawson E. Thomas Courthouse Center, 175 N.W. 1st Ave., Suite 2702, Miami, Florida 33128, Telephone numbers (305) 349-7175 for voice or (305) 349-7174 for TDD and 349-7355 for fax, at least 7 days before your scheduled court appearances, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711 or 1-800-955-8771 for the Florida Relay Service.



BRODSKY FOTIU-WOJTOWICZ

Respectfully submitted,

By: /s/ *Benjamin H. Brodsky*
Benjamin H. Brodsky, Esq.
Florida Bar No. 73748
Brodsky Fotiu-Wojtowicz, PLLC
*Counsel for Plaintiff*
200 SE 1st Street, Suite 400
Miami, Florida 33131
Tel: 305-503-5054
Fax: 786-749-7644
bbrodsky@bfwlegal.com
docketing@bfwlegal.com

## CERTIFICATE OF SERVICE

I certify that the foregoing document has been furnished by the Florida Courts e-filing

Portal pursuant to Fla. R. Jud. Admin. 2.516(b)(1), this 9th day of October, 2024 to the following:

Robert Garson, Esq.
**GS2Law, PLLC**
20803 Biscayne Blvd., Suite 405
Aventura, FL 33180
Tel: 305-780-5212
Fax: 347-537-4540
rg@gs2law.com
dockets@gs2law.com
njg@gs2law.com

By: /s/ *Benjamin H. Brodsky*
Benjamin H. Brodsky, Esq.

