IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| HAMED WARDAK,<br><br>      Plaintiff<br><br>      Counterclaim Defendant,<br><br>v.<br><br>SARAH GOOLDEN,<br><br><br>      Defendant<br><br>      Counterclaim. | No. 1:24-cv-24198 (FAM) |

**DEFENDANT SARAH GOOLDEN'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

Defendant Sarah Goolden ("Defendant"), by and through her attorneys, GS2Law PLLC, hereby file this Answer and Affirmative Defenses to the Complaint filed by the Plaintiff Hamed Wardak ("Plaintiff").

**JURISDICTION, PARTIES, AND VENUE**

1. This is a civil cause of action under Fla. Stat. § 934.10, which provides a remedy for unlawful interception of wire, oral, or electronic communications in violation of Fla. Stat. § 934.03.

**ANSWER:** Defendant denies the legal and factual grounds of Plaintiff's civil action. However, Defendant admits that § 934.10 speaks for itself.

2. The Court has subject matter jurisdiction over this matter as it is an action for damages that exceed $50,000.00, exclusive of interest, costs, and attorneys' fees.

**ANSWER:** Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 2.

3. The Court has personal jurisdiction over Defendant pursuant to Fla. Stat. § 48.193.

**ANSWER:** Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 3 but admits that Fla. Stat. § 48.193 speaks for itself.

4. Venue is proper in this Court pursuant to Fla. Stat. § 47.011, because the actions and events upon which this action is based occurred in Miami-Dade County, Florida and the claims arose in Miami-Dade County, Florida.

**ANSWER:** Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 4 but admits Fla. Stat. § 47.011 speaks for itself.

5. All conditions precedent to the filing of this action have occurred, have been fulfilled or have been waived.

**ANSWER:** Defendant denies the allegations contained in Paragraph 5.

6. Plaintiff has retained the undersigned attorneys to represent him in this action and is obligated to pay his attorneys a reasonable fee for their services in this matter.

**ANSWER:** Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 6.

## GENERAL ALLEGATIONS

7. Plaintiff and Defendant were involved in a personal relationship in 2018.

**ANSWER:** Defendant denies the allegations contained in Paragraph 7 but admits that in 2018 Plaintiff continually exerted pressure on Defendant to enter into a romantic relationship.

8.      In July 2018, Defendant travelled for a weekend visit to Plaintiff's home in Miami-Dade County, Florida.

**ANSWER:** Defendant denies the allegations contained in Paragraph 8 but admits that Defendant surrendered to Plaintiff's continuous pressure to forge a closer relationship and therefore traveled to Miami with two friends to attend Plaintiff's Fourth of July party.

9.      On the morning of July 8, 2018, while in Plaintiff's bedroom in his home, using her mobile device, Defendant surreptitiously made an audio-visual recording of a discussion between Plaintiff and Defendant regarding their relationship and other issues of a personal nature.

**ANSWER:** Defendant denies the allegations contained in Paragraph 9 but admits that on or about July 8, 2018, Plaintiff continued to harass and threaten Defendant in which he alleged that his father had killed his mother, which caused Defendant to be afraid for her life.

10.     Defendant did not advise Plaintiff that she was making an audio-visual recording of their discussion, nor did she obtain consent from Plaintiff to make this recording.

**ANSWER:** Defendant denies the allegations contained in Paragraph 10 but admits that she took action to preserve evidence which showed that Plaintiff continued to harass and threaten Defendant in which he alleged that his father had killed his mother, which caused Defendant to be afraid for her life.

11.     Plaintiff had a reasonable expectation of privacy with respect to his discussion with Defendant in the bedroom of his home.

**ANSWER:** Defendant denies knowledge or information sufficient to form a belief about the truth of allegations contained in Paragraph 11 as a domestic abuser so not have a reasonable

3

expectation of privacy to any harassment or threatening behavior such as alleging that his father had killed his mother, which caused Defendant to be afraid for her life.

12. Defendant made the recording for the improper purpose of attempting to create "blackmail" to use against Plaintiff in the future.

**ANSWER:** Defendant denies the allegations contained in Paragraph 12.

13. In fact, in July 2019, Defendant instituted a frivolous and bad faith suit against Plaintiff for an alleged sexual assault that she claimed occurred the day before the illegal recording was made. Because the illegal recording affirmatively disproves Defendant's false allegations against Plaintiff, she did not produce it in the litigation until the very end of June 2022, three years after she filed suit. This was the first time Plaintiff discovered that he had been illegally recorded in the bedroom of his home.

**ANSWER:** Defendant denies the allegations contained in Paragraph 13.

14. Plaintiff believes that Defendant may have surreptitiously and illegally recorded him in other instances.

**ANSWER:** Defendant denies the allegations contained in Paragraph 14.

## COUNT I
## Violation of Fla. Stat. § 934.03

15. Plaintiff incorporates the allegations in paragraphs 1 through 14 above, as if fully set forth herein.

**ANSWER:** Defendant repeats and realleges her responses to the allegations contained above as if fully set forth herein.

16. In violation of Fla. Stat. § 934.03, on the morning of July 8, 2018, Defendant surreptitiously recorded Plaintiff's oral communications without his knowledge and consent.

4

**ANSWER:** Defendant denies the allegations contained in Paragraph 16.

17. Plaintiff had a reasonable expectation of privacy with respect to the surreptitiously recorded discussion with Defendant in the bedroom of his home.

**ANSWER:** Defendant denies knowledge or information sufficient to form a belief about the truth of allegations contained in Paragraph 17.

18. Plaintiff did not learn of Defendant's surreptitious and illegal recording until July 2022.

**ANSWER:** Defendant denies knowledge or information sufficient to form a belief about the truth of allegations contained in Paragraph 18.

19. Defendant's unlawful conduct has caused Plaintiff damages.

**ANSWER:** Defendant denies the allegations contained in Paragraph 19.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted. Specifically, Count I fails to allege with sufficient particularity any violation of Fla. Stat. § 934.03 or of any Florida statutory provision.

2. Plaintiff's claims are barred by the equitable doctrine of unclean hands. The allegations contained within Plaintiff's complaint are verifiably false.

3. Plaintiff's claims are barred, in whole or in part, because he failed to mitigate his damages, if any.

4. Even if allegations are true, the Plaintiff did not suffer any damages.

5. The applicable statutes of limitations bar the cause of action pled by Plaintiff.

6. Plaintiff unreasonably delayed taking action in connection with the alleged claims, causing substantial prejudice to Defendant and such claims therefore are barred pursuant to the doctrine of laches.

7. The purported claims made by Plaintiff are barred from any recovery for damages, or other monetary relief because there is no causal connection between the alleged wrongdoing on the one hand, and any harm to Defendant on the other hand.

8. Plaintiff's claims are barred by the principles of collateral estoppel, res judicata and waiver, in part, because the factual and legal allegations are already set forth in complaints that were already determined New York Supreme Court and Florida Circuit Court, and ongoing in the Southern District of New York.

9. Plaintiff's claims are barred on the basis of public policy.

Defendant also expressly reserves and asserts all affirmative defenses available under any applicable law. Defendant reserves her right to supplement her Answer and to assert additional defenses in the event that discovery or other means indicate that such additional defenses would be applicable.

## COUNTERCLAIMS

### First Cause of Action
### (Malicious Prosecution – Pursuant to New York Law[1])

1. Defendant repeats and realleges all preceding paragraphs of her Answer and Affirmative Defenses as if fully set forth herein.

---

[1] *See O'Brien v. Alexander,* 101 F.3d 1479, 1484 (2d Cir. 1996)

6

2. Plaintiff has maliciously initiated, maintained a continuous course of conduct, and pursued multiple baseless legal actions against Defendant, including but not limited to:

    a) *Hamed Wardak v. Sarah Goolden*, Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2019-002220-CA-01 ("First Florida Action"), filed January 23, 2019, asserting claims for fraudulent misrepresentation, defamation, malicious prosecution, and abuse of process;

    b) *Hamed Wardak v. Sarah Goolden*, New York County Supreme Court, Index No. 151080/2019 ("First New York Action"), filed January 31, 2019, asserting claims for conversion and misappropriation of funds; and

    c) The instant action, originally filed in Florida state court on September 12, 2024, asserting unfounded claims under Fla. Stat. § 934.03 for alleged unlawful interception of communications.

3. Each of these actions has been pursued without probable cause and with a reckless disregard for the truth, demonstrating Plaintiff's intent to harass, intimidate, and inflict harm on Defendant rather than to seek legitimate judicial relief.

4. The First Florida Action, removed to federal court and ultimately dismissed by the Honorable Judge Rodolfo A. Ruiz on May 27, 2020, lacked any factual or legal merit and was abandoned by Plaintiff after failing to substantiate his claims.

5. The First New York Action was dismissed with prejudice by the Honorable James Edward D'Auguste on September 26, 2019, after the court determined that Plaintiff's allegations

7

concerning the purported conversion of funds were baseless, as the funds in question were conclusively deemed an irrevocable gift.

6. The current action (referred to herein as the "Second Florida Action") constitutes yet another baseless lawsuit, arising from the same series of disputes and allegations that have already been addressed and are currently being litigated in the Southern District of New York in *Sarah Goolden v. Hamed Wardak*, Case No. 19-cv-6257 (the "Second New York Action").

7. Plaintiff has pursued these lawsuits with malice, intending to exploit the legal process as a weapon to prolong his campaign of harassment against Defendant, knowing these claims lacked factual or legal support.

8. Plaintiff's actions have caused Defendant to suffer substantial and ongoing damages, including significant financial costs incurred, in excess of $75,000 in defending against Plaintiff's meritless lawsuit, emotional distress stemming from Plaintiff's relentless use of the courts to harass and intimidate; and reputational harm caused by the public nature of these baseless legal claims.

9. Plaintiff's conduct demonstrates a blatant disregard for the integrity of the judicial system and warrants the imposition of punitive damages to deter such egregious abuses of the legal process.

**Second Cause of Action
(Abuse of Process – Pursuant to New York Law[2])**

10. Defendant repeats and realleges all preceding paragraphs of her Answer, Affirmative Defenses, and Counterclaim as if fully set forth herein.

---

[2] *See Matthews v. New York City Dep't of Social Services, Child Welfare Admin.,* 217 A.D.2d 413, 415, 629 N.Y.S.2d 241, 242-43 (N.Y. App. Div., 1st Dep't 1995)

11.     Plaintiff has intentionally and maliciously misused the judicial process in a manner that is improper and collateral to the legitimate purposes of litigation.

12      Plaintiff's abuse of process is evident in his repeated filing of baseless legal claims against Defendant, including the First Florida Action, which was removed to federal court and subsequently dismissed for lack of merit.

13.     Plaintiff also filed the First New York Action, which was dismissed with prejudice after the court determined the allegations were wholly unfounded.

14.     Plaintiff initiated the present action under Fla. Stat. § 934.03, which he knew or should have known lacked any factual basis and is duplicative of issues already being litigated in the Second New York Action.

15.     Plaintiff's use of the legal process has not been for its intended purpose of seeking redress for legitimate grievances but rather as a weapon to harass, intimidate, and exhaust Defendant's financial and emotional resources.

16.     Plaintiff has intentionally and maliciously manipulated the judicial system to achieve improper objectives, including forcing Defendant to defend against duplicative and vexatious litigation across multiple jurisdictions.

17.     Plaintiff's actions have also disrupted Defendant's personal and professional life through the burdens of protracted litigation.

18.     Plaintiff has further used the legal process to intimidate Defendant in furtherance of his broader campaign of control and harassment.

19. As a direct and proximate result of Plaintiff's abuse of process, Defendant has suffered damages, including substantial legal fees in excess of $75,000 and expenses incurred in defending against Plaintiff's improper claims.

20. Plaintiff's actions have caused reputational harm to Defendant through the public filing of baseless allegations.

21. Plaintiff has pursued these legal actions with the clear objective of using the judicial process as a tool of harassment and intimidation, rather than for any legitimate purpose of litigation. Plaintiff's actions have been calculated to burden Defendant with unnecessary and duplicative lawsuits, drain her financial resources, obstruct her ability to pursue claims in the Second New York Action, and exert control over her through the stress and demands of prolonged litigation. Plaintiff's conduct undeniably demonstrates a misuse of the judicial system for purposes beyond resolving any bona fide dispute.

22. Lastly, Plaintiff has disregarded the authority of the Southern District of New York by bringing claims in this Court that arise from the same disputes already pending in the Second New York Action. These claims, which should have been brought in the Southern District of New York, represent Plaintiff's improper attempt to sidestep that court's jurisdiction.

**WHEREFORE**, Defendant respectfully requests judgment in her favor, awarding:

(i) Compensatory damages in an amount to be determined, including but not limited to legal fees, emotional distress, and reputational harm;

(ii) Punitive damages; and

(iii) Such other and further relief as the Court deems just and proper.

Dated: Aventura, Florida
December 9, 2024

                                                                                                                     Respectfully submitted,

**GS2LAW PLLC**

By:    <u>/s/ *Robert Garson*</u>
        Robert Garson
        Florida Bar No. 1034548
        20803 Biscayne Blvd., #405
        Aventura, Florida 33180
        (305) 780-5212
        rg@gs2law.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

**I, ROBERT GARSON,** hereby certify that on this 9th day of December 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing (NEF) generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

Dated: December 9, 2024
       Aventura, Florida

                                                 *s/ Robert Garson*
                                                 Robert Garson