UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 24-24198-CIV-MORENO

HAMED WARDAK,

      Plaintiff,

vs.

SARAH GOOLDEN,

      Defendant.

_____/

### ORDER GRANTING MOTION TO REMAND

Plaintiff Hamed Wardak sued Defendant Sarah Goolden in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, alleging a violation under Fla. Stat. § 934.10, which creates a civil cause of action for any person whose oral communications are intercepted, disclosed, or used in violation of the statute. Plaintiff's one-count complaint alleges that Defendant surreptitiously recorded Plaintiff's oral communications without his knowledge or consent in violation of the statute. Defendant removed the case, contending that this Court has subject-matter jurisdiction based on diversity of citizenship. Defendant then filed a Motion to Transfer to the District Court for the Southern District of New York. Plaintiff subsequently filed a Motion for Remand, arguing that Defendant cannot establish diversity jurisdiction because the amount in controversy does not exceed $75,000.

Because Defendant fails to establish that Plaintiff's claim satisfies the amount-in-controversy requirement at the time of removal, Plaintiff's Motion for Remand is **GRANTED**. Further, Plaintiff's request for attorneys' fees is **DENIED**. All other pending motions are **DENIED AS MOOT**.

## PROCEDURAL HISTORY

Defendant contends that this Court has subject-matter jurisdiction based on diversity of citizenship and has further filed a Motion to Transfer to the United States District Court for the Southern District of New York. Defendant argues that there is an earlier filed action involving related issues and identical parties, making transfer appropriate.

In his response to Defendant's Motion to Transfer, and in his Motion to Remand, Plaintiff argues that this Court lacks subject-matter jurisdiction because the amount in controversy does not exceed $75,000. Because a prerequisite to transfer is subject-matter jurisdiction over the case, the Court first analyzes Plaintiff's Motion to Remand. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In his Motion to Remand, Plaintiff does not contest the existence of complete diversity of citizenship between the parties, or the timeliness of Defendant's Notice of Removal. Accordingly, the only jurisdictional issue the Court will discuss is whether the amount in controversy requirement is satisfied.

## LEGAL STANDARD

Where the federal district courts have original jurisdiction over a civil action filed in state court, a defendant may remove the case to federal district court. 28 U.S.C. § 1441. Federal district courts have original jurisdiction based on diversity of citizenship where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

The Eleventh Circuit has held that "in the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007) (citations omitted). However, "a defendant's notice of removal need include only a plausible allegation that

the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 90 (2014). "[A] district court may properly consider post-removal evidence in determining whether the jurisdictional amount was satisfied at the time of removal." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *see also Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (explaining that "there is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition[,]" and holding that district courts may "consider post-removal evidence in assessing removal jurisdiction").

Indeed, "[a] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it," and "[t]he law does not demand perfect knowledge or depend any less on reasonable inferences and deductions than we all do in everyday life." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). In other words, the use of reasonable inferences and deductions is permissible to show the amount that is in controversy in the case. However, "[t]he absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007). To avoid infringing on state sovereignty, courts must strictly construe removal requirements and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir. 1999).

## DISCUSSION

In his Motion, Plaintiff first argues that because the amount-in-controversy requirement is not satisfied by the allegations in the Complaint, it is Defendant's burden to prove that the amount in controversy exceeds the jurisdictional minimum. Plaintiff contends that Defendant points to no facts to support such a conclusion. Plaintiff notes that in his Complaint, the actual damages

3

requested are unspecified, but that they include the statutory rate for liquidated damages which is computed at the rate of $100.00 a day for each day of violation or $1,000.00, whichever is higher. Because, he argues, the Complaint alleges a single illegal recording, there is no basis to conclude that the actual damages at issue are more than $1,000.00. Further, Plaintiff posits that the injunctive relief requested cannot be assigned any monetary value, and therefore does not provide a basis for satisfying the amount in controversy requirement. Finally, Plaintiff agues that the punitive damages request cannot be presumed to meet the amount in controversy requirement.

In response, Defendant contends that the escalating nature of damages under the relevant Florida statute, combined with the potential for attorneys' fees and punitive damages, makes it clear that the amount in controversy more likely than not exceeds the jurisdictional threshold. Further, Defendant points to Plaintiff's refusal to cap damages and Plaintiff's decision to leave damages unspecified in the Complaint as opening the door for a substantial recovery in excess of the jurisdictional requirement. Defendant further argues that the anticipated discovery in this case underscores the substantial costs involved. Defendant urges the Court to retain jurisdiction and allow transfer to the Southern District of New York to ensure a comprehensive and efficient resolution to the allegedly intertwined disputes.

Plaintiff replies that Defendant has not met her burden of proof and that any ambiguity should be resolved in favor of remand. He reasserts that because his Complaint alleges a single illegal recording occurring on a single day, the statutory damages in controversy do not support Defendant's contention that the jurisdictional threshold is met. Plaintiff contends that Defendant asks this Court to engage in pure speculation to find that the amount in controversy requirement is met by pointing to punitive damages and attorneys' fees. Plaintiff argues that this is especially true because Defendant offers no evidence or rationale for claiming that the punitive damages or

demand for attorneys' fees boosts the amount in controversy to over $75,000. Finally, Plaintiff argues that his refusal to limit his damages does not satisfy Defendant's burden to provide evidence that removal is proper. The Court addresses each argument in turn.

### A. The Complaint

The Court is first tasked with determining whether "it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement" at the time of removal. *Williams*, 269 F.3d at 1319. In his state court Complaint, Plaintiff alleges the amount in controversy, excluding interest, costs, and attorneys' fees, is in excess of $50,000.00. (D.E. 1-2 at 5). Thus, it is not facially apparent that the amount in controversy exceeds $75,000. Accordingly, Defendant has the burden to show, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold. *See Lowery*, 483 F.3d at 1208.

### B. Statutory Damages, Attorneys' Fees, and Punitive Damages

To meet her burden, Defendant argues that Plaintiff's Complaint necessarily implicates statutory damages, attorneys' fees, and potential punitive damages, which all must be included in determining the amount in controversy. The Court disagrees.

As for statutory damages, Florida's Security of Communications Act provides a framework for calculating damages. The statutory liquidated damages clause provides for damages at the rate of $100.00 a day for each day of violation or $1,000.00, whichever is higher. Fla Stat. § 934.10(1)(b). In his Complaint, Plaintiff brings a single count and claims that Defendant made a single recording on a single day. Accordingly, based on the facts alleged, the statutory damages are, at most, $1,000.00. Defendant fails to point to any facts in the Complaint, or elsewhere, that provide support for her contention that such damages will "escalate significantly." (D.E. 13 at 4). Accordingly, the Court cannot find that a potential award of $1,000.00 closes the existing $25,000

gap in satisfying the amount in controversy requirement. *See Lowery*, 483 F.3d at 1215 ("The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars.").

Defendant's arguments regarding punitive damages and attorneys' fees are likewise unavailing. "The general rule is that attorneys' fees do not count towards the amount in controversy unless they are allowed for by statute or contract." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 n.4 (11th Cir. 2003) (citations omitted); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."). However, "when the amount in controversy substantially depends on a claim for attorney fees, that claim should receive heightened scrutiny." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1080 n.10 (11th Cir. 2000).

Here, other than Defendant's conclusory assertion that reasonable attorneys' fees combined with statutory fees and potential punitive damages would exceed the amount in controversy requirement, Defendant offers no evidence of the amount of attorneys' fees incurred by Plaintiff to date in this case. Thus, while the relevant statute does allow for reasonable attorneys' fees, Defendant has failed to provide any evidence regarding Plaintiff's counsel's actual fees and costs to date, and the Court will not speculate as to that amount. *See, e.g., Lacombe v. Geovera Specialty Ins. Co.*, No. 20-CIV-61016, 2020 WL 6079273, at *3 (S.D. Fla. July 23, 2020) ("There is simply no evidence in the record that permits the Court to draw a reasonable inference regarding Plaintiff's counsel's actual fees and costs to date."); *Path Med., LLC v. Geico Indem. Co.*, No. 18-CIV-60759, 2018 WL 7098939, at *3 (S.D. Fla. June 21, 2018) (remanding the case based in part on

defendant's failure to "offer any basis to conclude reasonable fees would raise the amount in controversy above the jurisdictional requirement").

And as for punitive damages, Defendant again only offers a conclusory assertion that the potential for punitive damages makes it clear that the amount in controversy more likely than not exceeds the jurisdictional threshold. Merely pointing to the fact that Plaintiff requests, and may be awarded, punitive damages does not satisfy her burden. Defendant offers no rationale as to what the punitive damages are likely to be in this case and the Court will not attempt to estimate the value of potential punitive damages. While Eleventh Circuit allows district courts to use "reasonable inferences and deductions," *Pretka.*, 608 F.3d at 754, it does not permit district courts to engage in pure speculation. *See Lowery*, 483 F.3d at 1215 ("The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars.").

### C. Plaintiff's Refusal to Limit His Damages

Finally, Defendant argues that Plaintiff's refusal to admit to any limitation on damages to $50,000 is significant and weighs against remand. Even if Defendant alleged that Plaintiff refused to cap damages at $75,000, her argument would not be persuasive. *See Williams*, 269 F.3d at 1320 ("Although the notice of removal clearly asserts that the jurisdictional requirement is satisfied, the only fact alleged in support of that assertion is that [the plaintiff] refuses to stipulate that her claims do not exceed $75,000. There are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy [the defendant's] burden of proof on the jurisdictional issue."); *see also Dunlap v. Cockrell*, 336 F.Supp.3d 1364, 1366 (S.D. Ala. 2018) ("[I]t has long been the law of this Circuit that a plaintiff's mere refusal to stipulate that her claims

7

do not exceed $75,000 does not and cannot satisfy a removing defendant's jurisdictional burden.") (citing *id.*).

The two cases Defendant cites in support of this argument are inapposite as both include plaintiffs who refused to limit their damages to $75,000, and both include defendants who presented evidence that plaintiffs explicitly demanded more than $75,000. *See Yetter v. Amica Mutual Ins. Co.*, No. 6:13-CV-972-ORL-31, 2013 WL 3837185, at *2 (M.D. Fla. July 24, 2013) (finding that the jurisdictional threshold was met when plaintiff made "repeated demands for $100,000 in policy limits to settle the matter" and made an "uncontested assertion that she face[d] the prospect of spinal surgery"); *White v. PDB State Farm Mut. Auto. Ins. Co.*, No. 3:13-CV-765-J-99TJC, 2013 WL 6061890, at *5 (M.D. Fla. Nov. 18, 2013) (considering plaintiff's refusal to stipulate or admit that he was not seeking damages in excess of the jurisdictional threshold when plaintiff's complaint asserted that their damages exceeded $250,000 and when plaintiff's pre-suit demand letter sought $250,000).

## **CONCLUSION**

For the reasons stated above, the Court finds that Defendant has failed to "prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka*, 608 F.3d at 752. And because the Court lacks subject-matter jurisdiction, it has no authority to transfer the matter to the Southern District of New York. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Defendant, of course, retains the right to later remove the action if and when Plaintiff files a new case or amends the Complaint to allege either a claim arising under federal law or a claim in excess of the jurisdictional requirement. Accordingly, it is

8

**ADJUDGED** that the Motion to Remand (**D.E. 10**) is **GRANTED**. The case is **REMANDED** to the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Clerk of the Court is hereby directed to take all necessary steps and procedures to effect the expeditious remand of the above-styled action. It is further

**ADJUDGED** that Plaintiff's request for attorneys' fees is **DENIED**. "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). In the exercise of the Court's discretion, fees are not merited in this case. Finally, it is

**ADJUDGED** that all pending motions are **DENIED AS MOOT**.

DONE AND ORDERED in Chambers at Miami, Florida, this ___19___ of March, 2025.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record